## MARY A. HINDS VS. JOHN A. MILLER.

1. ATTACHMENT: *Garnishment. Notice to non-residents. Act of 1862. Case in judgment.*

An attachment was sued out by M. against F., A. & Co. T. & H. H. garnishees. F., A. & Co. were non-residents, service of process upon them being by publication. Judgments were obtained against the defendants and garnishees. H. H. died, and his widow and heirs were proceeded against by publication. The defendants in attachment were sued by their firm name only. The writ of attachment served on the garnishees contained no statement of the grounds for its issuance, etc. There was no order of court for publication against. F., A. & Co., nor any order for posting notices, nor any order directing the clerk to mail copy of notices, etc. The *scire facias* against T. H. and the widow and heirs of H. H., deceased, did not contain a description of the lands upon which execution was sought. Execution was issued against the widow and heirs of H. H., deceased, without the bond required, etc. *Held,* that this proceeding was commenced under the Code of 1857, and that art. 5, p. 373, of that Code permits writs of attachment to be issued against non-resident debtors by their proper names, or by the name of the partnership, or by whatever other name such debtors may be known, etc.; that the failure to state, in the writ of attachment served upon the garnishees, the grounds for its issuance, renders the judgment voidable merely, and not void; that, under the Code of 1857 (art. 19), no order of court was necessary for publication, nor for posting notices, nor directing the clerk to mail notice to non-residents; that, under the act of 1862, if no newspaper was published in the county where proceedings were begun, then notices must be posted in five public places in the county, including one at the court house door. This was not done, but, instead thereof, notice was published in a paper in Warren county. This was error; that although the better practice would be to describe the lands in a *scire facias* to revive against the widow and heirs, yet there are no precedents. requiring it; that art. 23 of Code of 1857 renders void all sales under execution against non-residents served with notice by publication only, without bond. If the execution in the case at bar was issued without bond, it. should have been set aside by motion, and that the judgment against the.

defendants in attachment, being void for failure to post notices as required by the act of 1862, the judgment against the garnishees is void also.

Error to the Circuit Court of *Washington* County.

Hon. C. C. Shackleford, Judge.

The opinion of the court contains all the material facts in the case, together with the assignment of errors.

*Frank Johnston*, for plaintiff in error.

*F. & L. B. Valliant*, on same side.

*W. L. Nugent*, for defendant in error.

Tarbell, J., delivered the opinion of the court.

This is a proceeding commenced by attachment in the county of Washington, in 1866, on a note falling due in April, 1862. John A. Miller, plaintiff; Foley, Avery & Co., defendants; Thomas Hinds and Howell Hinds, garnishees.

Foley, Avery & Co. were non-residents, service of process upon them being by publication. Judgments were obtained against the defendants and garnishees. Howell Hinds died, and his widow and heirs were proceeded against by publication. Writ of error by the widow. The proceedings throughout are critically assailed, and, being under special statutes, the number of exceptions have rendered the solution of this case one of unusual toil, the labor being not by the question itself, but in the analysis of the record and the reference to the statute. It is submitted that if the judgment against Foley, Avery & Co. is void, and not merely erroneous and voidable, then the whole proceeding must fall. In other words, if the judgment against Foley, Avery & Co. is void, the garnishees may avail themselves of that fact to reverse the judgment against them, however regular it may be as to them, and this though the defendants in attachment do not complain. This proposition is undoubtedly correct, and the errors assigned will be noticed in their order.

1. Defendants in attachment sued as Foley, Avery & Co., late merchants and partners, which, it is objected, is void for uncertainty. This proceeding was taken under the Code of

1857, art. 5 (p. 373) of which provides that "when two or more persons, not residing in this state, are jointly indebted, the writ of attachment may be issued against such debtors, or any of them, by their proper names, or by the name of the partnership, or by whatever other name such debtors may be called or known in this state."

2. The bond is objected to because in less than double the amount of the debt. The debt is for $2,205.23, and the bond is in the penalty of $4,400. This was the subject of amendment. No objection thereto was raised in the court below.

3. The writ of attachment, correctly served on the garnishees, contained no statement of the ground of issuance, and this is the third cause assigned for error.

There were two attachments issued—an original and an *alias*. The first contained a statement of the grounds of its issuance. This was defectively served, or rather the return of service is defective; but this only rendered the judgment therein erroneous—not void, but only voidable.

4, 5. There was no order for publication made against Foley, Avery & Co.; nor any order for posting notices in Washington county; nor any order directing the clerk to send copies of notice by mail to Foley, Avery & Co.; and no order designating the *Vicksburg Times* in which to publish the notice.

No order of court for these purposes was necessary, under the Code of 1857, p. 378, art. 19, but the court might order notice to be published in the state or territory wherein defendant had his residence.

According to the acts of 1862, if there was no newspaper published in Washington county, then notices should have been posted in five public places in the county, including one on the court house door. Instead, notice was published in a paper in Warren county.

Whether there was any newspaper published in Washington county at the date of these proceedings, and whether notices were posted as required by the latter act, there is no showing or intimation in the record.

This act (Laws of 1862, p. 264) seems to contemplate an order of court, but if publication was had or posting done, as required, the law would seem to be complied with. In the absence of proof of any compliance with the requirements of the act of 1862, the court failed to obtain jurisdiction over defendants in attachment, and, if so, the judgment against them is void. Foster *v.* Simmons, 40 Miss., 585, in which the court say, " the general presumption in favor of the regularity of the proceeding of courts of general jurisdiction cannot be applied to the process whereby the parties are brought into court."

6. Publication made before the writ of attachment was executed, in which, if the record is correctly understood, counsel is in error.

This mistake is believed to arise of what is conceived to be a clerical accident in transcribing the record.

7. No legal proof of the publication as to Foley, Avery & Co. This proof consisted of the certificate of the clerk as to mailing copy of notice. Though informal, it is considered sufficient. The affidavit of publication by the printer is full, and not objected to.

8. The suit is against the indorsees of a note, not including the parties primarily liable.

This is not objectionable. Code of 1857, p. 357, art. 10.

8, 9. No final judgment rendered against Howell Hinds in his life-time, but was a mere order or judgment *nisi.*

The judgment referred to is against defendants in attachment, and against Thomas and Howell Hinds, as garnishees. Although somewhat informal, nevertheless it is a judgment, but there is added thereto the words following : " And that a *scire facias* issue against each of them, Thomas and Howell Hinds, returnable to the next term of this court, to show cause, if any they can, why said judgment should not be made final and absolute."

A *scire facias* followed, treating this judgment as *nisi.* Before the return term of this writ, which was personally served on both defendants therein, Howell Hinds died.

Thereupon proceedings were instituted to bring in the heirs and widow of the deceased. Thomas Hinds was included, and personal service was had upon him. The widow and heirs were non-residents, and publication was had as to them. The *scire facias* to revive treats the judgment above referred to as *nisi* only, and counsel insists that it is a rule or *order* merely, and not the subject of revival against the heirs and widow of deceased, but only against the personal representative of deceased.

The 11th and 14th assignments are substantially based upon, or in continuation of, the 8th and 9th, and may be considered here.

The judgment is considered final. There is no statute by which it can be treated as *nisi* in such a case. So treating it does not make it such, nor has the party been prejudiced thereby, as far as can be seen. On the contrary, much more time was gained by defendants in which to defend. In fact, final judgment was delayed from May, 1872, to December, 1873, more than a year and a half.

10. The *scire facias* against Thomas Hinds and the heirs and widow of deceased is claimed to be void for uncertainty, in this, that it does not contain a description of the land upon which execution was sought.

The better practice is perhaps to include the lands; yet the very accurate judge who gave the opinion of the court in Hughes *v.* Wilkinson, 28 Miss., 600, says he had looked in vain for precedents requiring it. This was not error, and the amendment inserting the description of the lands, therefore, certainly could not be.

12, 13. No legal evidence of mailing notice of publication to the heirs and widow of Howell Hinds, deceased, and that the certificate of the clerk shows that the notice was mailed to Mary Ann Hinds and to "John Howell," instead of to Mary Ann Hinds, John Hinds, and Howell Hinds.

There are here two points of objection: 1st. To the com-

petency of the clerk's certificate. This is not well taken. 2d. The whole record shows conclusively that the clerk intended to certify that he mailed notices to John Hinds, Howell Hinds, and Mary Ann Hinds. Repeatedly throughout the record the same mode of statement is seen, such as Thos. and Howell Hinds, Thos., John, Howell, and Mary Ann Hinds—in every instance, save this single one, the christian names being separated by a comma (,), which in this instance, is no doubt a mere clerical or accidental omission.

15. It is also assigned for error that execution issued against the heirs and widow of Howell Hinds, deceased, without the bond required by the Code of 1857, p. 379, art. 23. The same provision is contained in the Code of 1871, § 1479. The statute renders the sale without such bond void. If prematurely issued in this case, it might have been set aside on motion; but this is not ground of error, nor was it necessary to quash it, because the statute declares a sale without a bond to be void.

As to the control over executions by the courts whence they emanate, see Harrington v. O'Reilly, 9 S. & M., 216.

Statutes and authorities referred to in this case: Code, 1857, p. 378, art. 19; ib., 373, art. 5; ib., 374, art. 6; Drake on Attach., 62, § 88; ib., § 89; ib., § 124; Ford v. Hurd, 4 S. & M., 683; Hopkins v. Grisson, 26 Miss., 144; Rankin v. Dulaney, 43 ib., 202.

The only error discovered in the proceedings is the failure to post notices in five public places in Washington county, as required by the act of 1862. This neglect renders the judgment against Foley, Avery & Co. void.

For this the judgment of the court below is reversed and the cause remanded.