LEVI STEPHENS v. THE COMMERCIAL AND RAILROAD BANK OF VICKSBURG.

1. AMENDMENT.—It is not a matter of discretion in the court to refuse, or allow amendments to the pleadings; but it will be error for the court to refuse to allow them, when applied for in proper time. See 10 S. & M. 84; 13 Ib. 127.

2. SAME.—If a defendant plead in his own proper person, the general issue to an action of assumpsit against him, and another upon a promissory note, and a judgment be rendered against him by the unauthorized withdrawal of his plea, which is afterwards upon writ of error *coram nobis*, annulled, and the cause remanded to the docket, upon the ground that his co-defendant was dead at the time it was rendered, it will not then be too late for him to apply to the court for leave to amend his pleading, by filing a plea of *non est factum;* and if the application be supported by an affidavit of merits, it will be error in the court to refuse to allow it.

IN error from the Circuit Court of Warren county. Hon. Jacob S. Yerger, judge.

*H. J. Harris*, for plaintiff in error.

*Yerger* and *Anderson*, for defendant in error.

HANDY, J., delivered the opinion of the court.

The record shows that at November term, 1852, of Warren Circuit Court, a judgment was rendered against Allen and the plaintiff in error, as the makers of a promissory note; that the defendants appeared and pleaded to the suit, and that at the time above mentioned, their plea was withdrawn by an attorney who represented them; that afterwards the plaintiff in error filed a petition for a writ of error, *coram nobis*, alleging that Allen, his co-defendant, was dead at the time the judgment was rendered, and praying that the judgment should be vacated; that on hearing, the judgment was set aside, the suit abated as to Allen, and restored to the docket as to Stephens; and at the same term at which these proceedings took place, the plaintiff in error moved the court for leave to file a plea of *non-assumpsit* to the action verified by an affidavit of its truth, and accompanied the motion by an affi-

davit stating, that he had filed the plea of the general issue, origi-
nally filed to the action, in his own proper person; that he never
employed any attorney to appear for, or represent him in the suit,
and never authorized any one to withdraw the plea filed by him,
nor consented to its withdrawal; and that the note sued on was
not executed by him, and that his signature thereto is false, and
forged, and has never been recognized by him, and that he is not
indebted to the plaintiff in the sum of money sued for, or in any
part of it.

The court overruled the motion, and refused to permit the plea
to be filed, and rendered judgment by default against him; and
this writ of error was thereupon prosecuted.

We are unable to perceive upon what ground the court below
refused to permit the party to make the defence tendered by him.
The showing of merits in his defence was very full and formal;
and conceding that he had been guilty of *laches* in making the
defence before the previous judgment was rendered, yet the case
was fully reinstated on the docket by the action of the court upon
the writ of error *coram nobis*, and the defendant then had the
right to make any meritorious defence allowed by law. The fact
that the plea appeared to have been withdrawn when the former
judgment was rendered, was, under the circumstances set forth in
the affidavit, a strong reason why he should have been permitted
to interpose a new plea and establish his defence. And taking
the facts stated in the affidavit to be true, as they must be taken
for the purposes of the motion, they certainly showed a just defence,
which he should not have been debarred from making.

Considering the plea offered as a new amendment, the defendant
had the right to file it, and it was not a matter within the discre-
tion of the court, but it was the duty of the court to allow it to be
filed. *Dent* v. *Coleman*, 10 S. & M. 84; 13 Ib. 127.

The judgment is reversed, and the cause remanded, with leave
to the plaintiff in error to file the plea, and for further proceedings.