## WILLIS MERRITT v. WILLIAM H. WHITE.

1. CIRCUIT COURT: ORIGINAL PROCESS: RETURN OF SERVICE.—Under the provisions of the Rev. Code (See Arts. 63–64, p. 489), a general return of "executed," on original process from the Circuit Court, is insufficient: the sheriff must state in his return all that he did in the execution of the process, so that the court may determine whether it was legally and properly executed, or not.

2. SAME: PRACTICE: DECLARATION MUST BE FILED WHEN SUIT COMMENCED.—To enable the plaintiff to obtain a judgment by default in the Circuit Court, at the return term, it is necessary that the declaration should be filed when the suit is commenced.

ERROR to the Circuit Court of Lauderdale county.    Hon. W. M. Hancock, judge.

*D. P. McAllum* and *D. Shelton*, for plaintiff in error.

*John D. Freeman*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was commenced by the issuance of a *capias ad respondendum*, on the 21st of December, 1858, returnable on the second Monday of February then next; on which the sheriff made this return: "Executed December 23, 1858." At the return term, the plaintiff filed his declaration, and bill of particulars of his demand, and at the same term, judgment by. default was rendered. This judgment is alleged to be erroneous, on two grounds: 1st. That the process was not executed according to the requirements of the present statute; and, 2d. That the judgment by default was improperly rendered at the return term, because the declaration was not filed when the *capias* was issued.

As to the first point, the rule of practice, prior to the adoption of the present Revised Code, was well established, that upon a simple return of process "*executed*," without specifying the manner of service, it would be presumed that the officer had done all that the law required, and the return of service was sufficient. This rule was held under the old law, which was silent as to the manner of executing process personally, and only prescribed the manner in

which it should be served, when executed by leaving a copy. Hutch. Code, 841, § 44. But the new code makes specific regulations as to the mode of executing, and making return of, process of this sort, whether served personally or by leaving a copy. Rev. Code, 489, arts. 63, 64.

In the first place, the sheriff is required to return the process on the return day, "*with a written statement of his proceedings thereon*," (art. 63); when, by the pre-existing law, he was required only to "make due return thereof to the proper court." Hutch. Code, 443, § 7. This change is significant. Then immediately follows the regulation as to the mode of serving process in all cases, and the mode in which the process shall be personally served is first prescribed, to wit, by "a true copy thereof delivered" to the defendant, if to be found; but if not to be found, then providing, that it may be served, by copy left at his usual place of abode, with his wife, &c., or at some public place at his dwelling-house, &c., if no competent person was there willing to receive it. Art. 64. Thus, three modes of serving process are prescribed, and no other mode of service is recognized. The mode of personal service is prescribed, and is different from that which existed previously. This, together with the provision of the preceding article, requiring the sheriff to return the process with a written statement of his proceedings thereon, would appear to render it clear, that it was intended to change the previously existing mode of executing and making return of process, and to require that thereafter the return should show the particular manner in which it should be executed.

The legislature appears to have considered this change expedient, and, we think, not without reason. The return of the sheriff upon process, is an important matter to a party affected by it. As between the parties to the suit, it is conclusive upon him. It may be the means of depriving him of most valuable rights; and it is important to him, if he should be compelled to have recourse upon the sheriff for a false return, that it should be so certain and specific as to enable him, if it be false, to prove it so. The more vague and general the return, the more is the right jeoparded. Hence, the provision appears to be just and wise, that the sheriff should state specifically the manner in which he has executed the process.

This course is in accordance with sound principle. The sheriff

should not be permitted to state legal conclusions by way of return to process.   He is not to determine what is a legal service of process, but it is his duty to state facts, and leave it to the court to determine whether the process has been thereby "executed" according to law.   His office is to do the acts which the law requires, and to certify them to the court; and a rule that promotes that end is manifestly one founded in sound principle, and tends to protect the rights of parties litigant.

This view of the statutes is strengthened by the further provision, that "no judgment by default shall be entered at the return term, where it shall appear that the process has not been served personally on the defendant." Rev. Code, 503, Art. 150. For, if the process was returned simply "executed," it might be, under the old practice, either personally or by copy left. It would not appear in such case, by the return, that the process had not been served personally, and it could not, of course, be shown by parol evidence. Hence, this provision appears clearly to contemplate that the return should show the manner in which the process was served, whether personally or by copy left, according to the requirements of the previous parts of the statute.

We are, therefore, of opinion, that the return of service in this case is not according to law, and that it was insufficient to warrant the judgment by default.

The other question is, whether it is necessary that a declaration be filed when the suit is commenced, in order to obtain judgment by default at the return term ?

This was required by the law existing at the date of the present code, and there appears to be nothing in that code changing the rule.   It is not only sanctioned by well-established practice, but is just in its operation, in giving the defendant full and timely notice of the nature and extent of the demand against him.   With such notice, he will be prepared to determine whether or not he will make defence to the suit; but without it, he could not act advisedly upon the subject.   And if such notice be not required to be given when the suit is commenced, there is no time fixed when it shall be given; and the declaration may be filed at so late a period before the case is called, as to render the notice given by the filing useless

to him. We perceive no sufficient reason for changing the old practice upon the subject, as it is not affected by the new code.

Judgment reversed, and cause remanded for further proceedings.

NOTE.—Process from the Chancery Court, must be executed in the same manner as like process from the Circuit Court. Rev. Code, 544, Art. 27. The rule in relation to the return of service of process in Court of Probates, seems to be different. See Rev. Code, 428, 429, Arts. 20, 21.