NOAH FOSTER *et al. v.* WILLIAM SIMMONS *et al.*

1. CHANCERY COURTS: PROCESS: HOW EXECUTED.—The rule requiring a sheriff to return a written statement of his proceedings in the service of process, applies alike to process of the circuit and chancery courts. *Robertson* v. *Johnson; Merritt* v. *White,* 37 Miss. R. 438.

2. PROCESS: HOW EXECUTED: CASE IN JUDGMENT.—Process must be executed by personal service, if possible. If constructive notice is substituted for actual, the record must show the existence of circumstances that justify it. A summons was returned by the sheriff—"Executed on the defendant by leaving a true copy of the original at his residence in the hands of his wife." Held—That the return was defective, because it did not show that the defendant could not be found.

3. PRACTICE : NOTICE TO ABSENT AND NON-RESIDENT DEFENDANTS : ORDER OF PUBLICATION.—Notice to absent and non-resident defendants by publication is an inferior mode of constructive notice, and a strict compliance with the provisions of the statute in reference to, is required. Before an order of publication is made, it must appear, by affidavit or otherwise, that the defendant is absent from the State and cannot be found, or that he is a non-resident; and the residence must be stated if it can be ascertained after diligent inquiry: and such order must, within twenty days, be personally served on the defendant, or published in a newspaper named in the order, and continued for the time specified therein. Rev. Code, 545, article 34; Acts of 1862, 264.

4. SAME: CASE IN JUDGMENT.—An affidavit for an order of publication in a chancery suit, which states, "that affiant does not know the place of residence or post-office of the defendant," is not sufficient; it should have stated that the residence or post-office could not be ascertained after diligent inquiry.

5. CHANCERY : NOTICE BY PUBLICATION AND POSTING, TO ABSENT AND NON-RESIDENT DEFENDANT : CONSTRUCTION OF ACT OF 15TH JANUARY, 1862.—The first clause of the act of the legislature of 15th January, 1862, substituting the posting of notices, etc., in lieu of publication in a newspaper, where no newspaper is published in the county, does not apply to orders of publication in chancery.

ERROR to Chancery Court of Panola county. Hon. James F. Trotter, judge.

*John W. C. Watson,* for plaintiffs in error, contended,

1. That process from the chancery courts must be executed in the same manner as like process from the circuit courts. Rev. Code, 544, article 27.

2. That the sheriff is required to return all process with a written statement of his proceedings thereon. Rev. Code, 489, articles 63, 64.

3. That the return as to Thornton was defective. The state of facts must be shown to have existed which authorized service by leaving a copy of the process with the defendant's wife. *Merritt* v. *White*, 37 Miss. R. 439, 440.

4. That the order of publication as to defendant Spalding was insufficient.

*H. W. Walter*, for defendants in error, contended,

That the return of the service of the process as to Thornton, and the notice to Spalding, were sufficient.

ELLETT, J., delivered the opinion of the court.

The bill of complaint in this case was taken for confessed in the court below, and the cause was heard and final decree rendered, without the appearance of any of the defendants.

The subpœna was only executed on Foster, but the return as to Thornton showed an insufficient service. The return as to the latter is in these words: "Executed on H. E. Thornton by leaving a true copy of the original at his residence in the hands of his wife." This court has decided in the case of *W. A. Robertson* v. *A. C. Johnson*, at April Term, 1866, that the rule laid down in the case of *Merritt* v. *White*, 37 Miss. 438, in relation to the execution and return of process in the criminal courts, applies in its full force to the process of the chancery courts, and hence that it is necessary for the sheriff to return a written statement of his proceedings, in the service of a summons in chancery, in order that the court may be able to determine whether the requirements of the law have been complied with.

No person is bound by judicial proceedings without notice being given to him, and an opportunity afforded him to make defense against them. Obviously, the proper notice is by a personal service of process, but as this is not always possible, an inferior mode of service is admitted in certain cases. But whenever a constructive notice is substituted for an actual one, the record must show the existence of the circumstances that justify it. The statute requires all original process to be served personally on the defendant if to be found, and a true copy delivered

to him; and it is only in case the defendant cannot be found, to be personally served, that service can be made by leaving a copy at his usual place of abode. Rev. Code, 489, article 64. When, therefore, the return shows that the processs has been served by leaving such copy, the question of its sufficiency depends upon the further fact, that the defendant could not have been found; and this fact can only be shown by the face of the return itself. It is impossible to adjudge that the defendant has had any legal notice of the pendency of the suit, in the absence of proper proof of the facts to authorize the notice to be given in the particular manner adopted.

The same reasoning applies where publication is made against a defendant in a suit in chancery. When it shall be made to appear to the satisfaction of the judge, by affidavit or otherwise, than any defendant in a suit in chancery is out of the State, or a non-resident thereof, or cannot, upon due inquiry, be found therein, an order may be made directing such defendant to appear, etc., and such order must, within twenty days, be personally served on such defendant, or published in one of the newspapers of the state for four weeks successively, at least once in each week. Rev. Code, 545, article 34. This article allows a mode of constructive notice, far inferior to that, by leaving a copy at the usual place of abode of the defendant, and the argument in favor of a strict compliance with its provisions, is stronger in the same proportion. No such order can be made without the showing, required by the statute, of the absence or non-residence of the party, or that he cannot be found, upon due inquiry. When this proof has been made, then the order must be published in the manner prescribed, and such other directions as the court may give must be obeyed. The article quoted, in default of personal service, requires the order, within twenty days, to be inserted in a newspaper named in the order, and continued therein for the time specified. And this provision remains in full force, unless it has been repealed or modified by some later legislative act.

The act of January 15, 1862 (page 264), is relied on as introducing a new rule on the subject in certain cases. That act

Foster et al. *v.* Simmons et al.

provides that " all notices, publications, and advertisements, required by law to be published in a newspaper, shall, when there is no newspaper published in the county where such publi cation ought to be made, be made by posting up copies thereof in five public places in the county, one of which shall be at the court-house door. And it shall be the duty of the court, making any order of publication against an absent or non-resident party, to require the person, applying for such order, to state in his affidavit the residence of such absent or non-resident party, if the same can be ascertained; and such court shall direct the clerk to transmit by mail a copy of such order to such absent or non-resident party."

We think the first clause of the first section of this latter act, was not intended to make any alteration in the law relating to orders of publication against absent or non-resident parties, in chancery cases. Its terms only apply to cases where the publication is required by law to be made in some particular county, and where there is no newspaper published in the county in which the publication is required to be made. Orders of publication against absent defendants, in chancery cases, are not required to be published in any particular county; but a discretion is given to the court to direct their publication in any one of the newspapers of the State, to be designated in the order. They are therefore not embraced within the language of the act, nor are they within the mischief intended to be remedied by it. Such orders of publication are therefore still required to be made in some newspaper of the State, to be designated by the court, in the order itself, notwithstanding the passage of the last-named act.

But if that were otherwise, it would be clear that in order to take a case out of the operation of the 34th article of the act, in relation to chancery courts above referred to, and in order to justify the making of publication by posting in five public places in the county, it would be necessary that it should appear by the record that it was shown to the court, making the order, that there was no newspaper published in the county where the publication ought to be made.

The same rule of construction will apply, if the publication was made by posting under the provisions of the act of November 19, 1857, page 106, and the order directing it would be irregular and erroneous, without a showing to the court that the newspapers refused to publish the same for the compensation allowed by law. The general presumption in favor of the regularity of the proceedings of courts of general jurisdiction cannot be applied to the process whereby the parties are brought into court. This is already expressly decided in reference to the return of the service of the summons, and the same rule must prevail in cases of constructive notice by publication, as well where the question is as to the mode of making the publication, as in regard to the circumstances in which such notice will be allowed at all.

The last clause of the first section of the act of 1862, has a more general application than the first clause, and is expressly made to extend to orders of publication against absent or nonresident parties. In these cases, it is provided that the residence of the party shall be stated in the affidavit, if the same can be ascertained, and that a copy of the order shall be transmitted to him by mail.

In the present case there was no showing that the residence of the absent defendant, Thomas L. Spalding, could not be ascertained. The only affidavit filed, was that of the solicitor of complainant, who states, " that he (the affiant) does not know the place of his (Spalding's) residence or post-office." This is not sufficient. If the residence is not stated, the affidavit must show that it could not be ascertained. It is not enough that the complainant's solicitor does not know it. Diligence must be used to find it out. The order itself contains no recital on the subject, and the matter is therefore left to stand on the affidavit alone.

For the foregoing reasons the order of publication against the defendant Spalding was irregular, and the notice given was not sufficient to sustain the *pro confesso* against him.

As the defendants Thornton and Spalding were not served with process, or notified of the pendency of the suit in the manner prescribed by law, the decree must be reversed, and the cause remanded for further proceedings.