A. S. Nelson, Administrator, *v.* M. O. Rogers, Administratrix.

1. Practice: judgment by default at appearance term.—It is errone-
ous to render a judgment by default at the appearance term, when the decla-
ration is not filed at the time of the issuance of the summons.

Error to the Circuit Court of Monroe county.   Hon. W. D.
Bradford, judge.

A statement of the case will be found in the brief of counsel
for plaintiff in error.

*E. H. Bristow* for plaintiff in error.

This was an action of assumpsit, on open account for ser-
vices as overseer rendered by intestate, husband of defendant in
error, in his lifetime to Nelson, administrator of C. N. Goree,
deceased.

It appears by the record that summons was issued No-
vember 16, 1866, and executed on Nelson same day.   On De-
cember 14, 1866, plaintiff Rogers filed her declaration.   With
this declaration was filed a bill of particulars according to law.
The amount of principal appearing on the face of said account
is $1,154.30.   One of the items of this principal sum is: " In-
terest on $425 for the year 1859, from the first of January up
to March the 17th, 1860, $5.30."

On the back of said bill of particulars is indorsed: " Receipts,
three years, $1,275.00."

Judgment was rendered by default, 25th of May, 1867, for
$1,418.30 *damages.*

The first error complained of is the rendition of judgment
by default at the return term, notwithstanding it appears that
there was an interval of nearly a month between the issuance
of the writ and the filing of the declaration; the writ being
issued November 14, 1867, and the declaration being filed De-

cember 14, 1867. This was error. (See Code, p. 874, § 45, 853, article 9, § 1.) The case of *Merritt* v. *White*, 37 Miss., on p.440, is conclusive on this point.

The court there say : " This [i. e. filing the declaration when the suit is commenced in order to obtain judgment by default at the return term] was required by the law existing at the date of the present Code, and there appears to be nothing in that Code changing the rule. . . . . . We perceive no sufficient reason for changing the old practice upon the subject, as it is not affected by the new Code."

The second error appears in the calculation of the amount of the judgment by the clerk. One item of the principal is the sum of $5.30, "interest on $425 for the year 1859, from 1st of January up to March 17, 1860." Interest is then calculated on this sum added to balance of principal, up to date of judgment. This was manifest error. Compound interest is not allowed.

The third error occurs in the same calculation. Indorsed on the bill of particulars are the words, " Receipts, three years, $1,275.00." On a judgment by default this would plainly signify to the clerk a credit on said account, and should have been entered by him as a credit, and deducted from the gross amount due. The statute, Revised Code, pp. 521–2, provides that " in case of judgment by default for want of appearance or plea, the clerk shall calculate the amount due for principal and interest, and judgment shall be entered therefor." In this case it was clearly the duty of the clerk to ascertain the amount due and unpaid. The entry of " Receipts, three years, $1,275," unexplained, was *primâ facie* evidence of payment of that sum.

*Sadler & Murphy* for defendants in error.

The first error complained of is that judgment by default was rendered at the return term, the declaration not having been filed at the date of issuance of writ. A glance at the record will show that plaintiff in the court below had a writ issued and served on the defendant below on the 16th day of Novem-

ber, 1866, returnable on the 7th Monday after the 4th Monday of March, 1867; that on the 14th day of December, 1861, *just five months* before the sitting of the court, plaintiff below filed her declaration, and copy of account filed therewith, as the statute directs.    On the 25th day of May, 1867, being a day in the May term of the Circuit Court of Monroe county, judgment was rendered by default against the defendant for the sum of $1,418.30.

Was it error, under the present statute and this state of the case, for plaintiff below to have judgment by default at the first term of the court? The court met on the 13th day of May, 1867.    Judgment by default was not entered until the 25th day of May, which was the eleventh day of the term to which the writ was returnable.    The declaration had then been on file in said court *more than five months*.    The judgment was entered in accordance with article 150, page 503, and article 253, page 521, Revised Code of Mississippi, to which we respectfully refer the court.    By article 62, pages 488 and 489, Revised Code, it will be seen that the defendant shall have at least five days' notice by service of the writ; and by article 150, page 503, Revised Code, the defendant is required to plead answer or demur on or before the third day of the term to which the writ is returnable.    From these articles we respectfully submit that the evident intention of the legislature was to allow the defendant at least *eight days* within which to plead, but has no reference whatever to the filing of the declaration when the writ issued, *unless the writ issued only five days before the return-day thereof.*    The defendant in this case had over *five months*, after the filing of the declaration, within which to plead.    He failed to do so, and should therefore bear the consequences of his neglect.    Appellant claims that the case of *Merritt* v. *White*, 37 Miss. 440, is conclusive on this point.    In that case reference was had to the old law of 1822, found in Hutchinson's Code, page 874, article 1, § 45, and page 853, article 9, § 1, where these words are found: "Provided the declaration be filed in the clerk's office at the time of issuing the writ," &c.

We think there is a wide and material difference between the

old and the new Code on that subject. . Chief-Justice Handy, in rendering the opinion in that case, makes the decision turn on "full and timely notice to the defendant of the nature of the demand against him." But we would submit that the matter of filing the declaration was not fully considered in the case of *Merritt* v. *White*, for it went off truly on the improper service of the writ. Then there is this difference between this and the case of *Merritt* v. *White*: in that case it seems that the plaintiff in the court below "filed his declaration *at the return term, and at the same time took his judgment by default.*" Here, then, there was given no time to plead after the declaration was filed. In the case now before the court the declaration was filed for FIVE MONTHS before the commencement of the return term of the court, and not *at the return term*, as stated in the case of *Merritt* v. *White*. In the case now before the court the facts are quite different, and it seems to us, and we respectfully submit, that there is no required time within which the declaration shall be filed under the Revised Code. By article 150, page 503, judgment by default may be entered after the third day of the term. By article 253, page 521, Revised Code, the judgment so rendered is final on the last day of the term of said court. Taken in connection with article 62, page 488, Revised Code, it shows the necessary notice to be given to defendant. In this case the defendant in the court below clearly had "full and timely notice of the nature and extent of the demand against him." With five months' notice he ought to have been prepared to determine whether or not he would make defence to the suit, and to have acted advisedly on the subject. And we here again respectfully suggest that if the declaration had been filed *five days* before the commencement of the term, it would have been sufficient notice *under the provisions of the Revised Code.* We therefore respectfully submit that in this case it was not error to render judgment by default at the return term.

JEFFORDS, J., delivered the opinion of the court.

The decision of this case depends entirely on the disposition made of the first assignment of error, which is as follows :—

. " The court erred in rendering a judgment by default at the return term ; the declaration not having been filed at the date of the issuance of the writ."

As the ruling of the court in the case of *Merritt* v. *White*, 37 Miss., p. 440, conclusively settles and disposes of this question, and as we do not feel disposed to disturb the holding in that case, we have no alternative but to reverse this case.

Let the cause be remanded, with directions that the Circuit Court proceed to render judgment according to law, as though the former judgment had not been pronounced.