W. H. Ford *v.* Coleman, Britton and Withers, use, &c.

1. PROCESS: INSUFFICIENT RETURN: CASE IN JUDGMENT.—A return by the sheriff on a summons, "executed as to W. H. F. by leaving a copy with his clerk at his store (Mr. F. Ewbanks), who is a free white person over the age of sixteen, he having no other place of residence, and not being found," is not in accordance with the statute, Code, 489, article 64, and is insufficient to sustain a judgment by default.

ERROR to Circuit Court of Carroll county. Hon. Wm. Cothran, judge.

*J. Z. George* for plaintiff in error.

This was an action against Ford as owner, and Kopperl as endorser, of a bill of exchange. Kopperl appeared and pleaded, and withdrew his plea, and judgment by default was ordered against both defendants.

The return of summons of process is in these words : " executed as to Kopperl, 3d of Oct. 1860, by handing him a copy, and as to W. H. Ford by leaving a copy with his clerk at his store (Mr. Ewbanks), who is a free white person over the age of sixteen, he having no other place of residence and not being found."

(Signed)    ·F. PLEASANT, Sheriff, &c.

Kopperl is dead, and Ford, the drawer, sued out this writ of error.

The judgment is a nullity as to Ford, because there was no legal notice to him of the suit.

1. It is not stated that the clerk, Ewbanks, was a member of Ford's family, which is essential. Revised Code, 489, article 64.

2. It is not stated in the return that the writ was left at Ford's residence. It is stated that it was left at his store, with the mention that he had no other residence.

This will not do. The return must show to a certainty that it was left "at his usual place of abode." His store is not stated to be his usual place of abode. It is merely stated that " he had no other residence." This may be true, and yet the store may not have been his usual place of abode, since he may have been a transient person, without a place of abode, or he may have been a non-resident, with his usual place of abode outside of the county or State. The certificate of the sheriff means nothing more than this, that he, Ford, had no other place of residence known to him. It is bad. See *Smith* v. *Cohen* 3 How. 35; *Fatheree* v. *Long,* 5 How. 661; *Tomlinson* v. *Hoyt,* 1 S. & M. 515; *Eskeg* v. *Jones,* 1 S. & M. 595.

W. H. Ford *v.* Coleman, Britton and Withers, use, &c.

No counsel for defendants in error.

PEYTON, J., delivered the opinion of the court.

The record in this case shows that the defendants in error brought suit in the Circuit Court of Carroll county, against the plaintiff in error, drawer, and Charles Kopperl, indorser of a bill of exchange, for the sum of $500.

A summons was issued for the defendants, returnable to the October term, 1860, of said court, on which the sheriff made the following return : " Received October, 1860. Executed as to C. Kopperl, 3d October, 1860, by handing him a copy in person, and as to W. H. Ford, by leaving a copy with his clerk, at his store (Mr. F. Ewbanks), who is a free white person, over the age of sixteen, he having no other place of residence, and not being found."

At the April term, 1861, judgment by default was rendered by the court, against the defendants below, to reverse which the plaintiff in error prosecutes this writ of error. And he assigns for error that the court below erred in rendering judgment by default, against the plaintiff in error upon, an illegal return of the service of process.

The only question in the cause is in regard to the sufficiency of the service of process upon the plaintiff in error.

We think the service of the process upon the plaintiff in error is not in compliance with the requirements of the statute, Code 489, article 64, and is therefore insufficient to sustain a judgment by default against him. *Smith* v. *Cohen*, 3 How. 35 ; *Fatheree* v. *Long*, 5 How. 661 ; *Tomlinson* v. *Hoyt*, 1 S. & M. 515 ; *Eskridge* v. *Jones*, ibid. 595 ; *Merritt* v. *White*, 37 Miss. 438 ; *Foster* v. *Simmons*, 40 Miss. 585 ; *Glenn* v. *Wragg*, decided at this term of the court.

For this reason the judgment must be reversed and the cause remanded.