## T. A. GLENN v. NANCY L. WRAGG, Administratrix.

1. PROCESS: RETURN OF "EXECUTED BY LEAVING A COPY WITH SON OF DEFENDANT" INSUFFICIENT.—A return upon a summons " executed upon defendant by leaving a copy with his son " is insufficient, because it does not show that the defendant could not be found, and that his son was above the age of sixteen years.
2. SAME: CONSTRUCTIVE NOTICE: WHAT RETURN MUST SHOW.—Whenever constructive notice of the commencement of a suit is substituted for actual, there must exist such facts as justify it, and these can be shown alone by return of the officer serving the process, or by the record.

ERROR to Circuit Court of Winston county.   Hon. H. W. Foote, judge.

*Beauchamp & Welsh* for plaintiff in error.

*W. S. Bolling* for defendant in error.

PEYTON, J., delivered the opinion of the court.

This was an action of assumpsit brought by the defendant in error against the plaintiff in error, in the Circuit Court of Winston county.   The sheriff made the following return upon the summons : " Executed by delivering copy to son of the defendant at his residence, Sept, 12th, 1866." A judgment by default was rendered on the 25th day of March, 1867, in favor of the defendant in error against the plaintiff in error for the sum of $380.64.

To reverse this judgment, the plaintiff in error now prosecutes a writ of error here, and assigns for error that the judgment was taken by default without any legal service of process on him.

The statute provides that original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him, and if the defendant cannot be found, such process may be served by leaving a copy at his usual place of abode, with his wife, or some free white person above the age of sixteen years, then and there being one of his family. Revised Code, 489.   Article 64.

The service of the process is fatally defective for two reasons:

1. That the service is not personal, and the return does not state that the defendant could not be found.

2. That the return does not state that the son to whom the copy of the writ was delivered, was above the age of sixteen years.

The law requires that the sheriff should state specifically the manner in which he has executed the process, and any material variance from the requirements of the statute will render the service bad.

No person is bound by a judgment or decree against him, without notice given to him, either actual or constructive, of the proceeding against him, and an opportunity afforded him to make defence against it. The proper notice is by personal service of process; but as this is not always possible, an inferior mode of service is admitted from necessity, in certain cases. But whenever a constructive notice is substituted for an actual one, the record must show the existence of the circumstances that justify it. When the return shows that the process has been served by leaving a copy with another person, the question of its sufficiency depends upon the further fact, that the defendant could not be found, and this fact can be shown only by the return itself. And even if the facts would justify the service of the process by leaving a copy thereof with some free white person, other than the wife of the defendant, that person must be of sufficient years of discretion to know and appreciate the propriety and importance of delivering the copy or communicating the notice to the defendant at the earliest practicable period, and therefore the statute requires that he shall be above the age of sixteen years, and the return must show this fact. And as the sheriff's return upon the process in this case, does not state that the defendant could not be found, nor that the son with whom the copy was left was above the age of sixteen years, the service of the process is not in accordance with the statute, and is insufficient to warrant a judgment by default. *Merritt* v. *White*, 37 Miss. 438; *Foster et al.* v. *Simmons et al.* 40 Miss. 585.

For these reasons the judgment will be reversed, the cause remanded, and a venire de novo awarded.