## JAS. M. PATRICK *v.* FRANK DILLARD.

1. ATTACHMENT—CONSTRUCTIVE NOTICE TO DEBTOR.—Where, in attachment suit, the debtor cannot be found or summoned, it is not sufficient to post the notice in six public places in the county, including the court-house door, according to act of January, 1862 ; but the notice must be published the prescribed length of time in some newspaper published in the state, according to art. 19 of the attachment law, Rev· Code of 1857, 378.

Error to the circuit court of Copiah county.  McNAIR, J.

On the 12th April, 1864, defendant in error sued out a writ of attachment against plaintiff in error, returnable to the circuit court of Copiah county, at the October term, 1864.  Plaintiff in error was not found.  Notice was posted at the court-house door, and four other public places in the county, on and before the 1st September, 1864.  At the October term,

judgment was rendered by default against the plaintiff in error.

Assignment of error:

The judgment was given for the defendant in error against the plaintiff in error, without legal or sufficient notice of the issuance of the said writ of attachment.

*H. B. Mayes*, for plaintiff in error,

Cited Rev. Code, 378, art. 19; act 15th Jan., 1862, Acts p. 254; 37 Miss., 439; 40 ib., 588; 41 ib., 564.

No brief on file for defendant in error.

SIMRALL, J.:

The single point raised by the assignment of errors, is whether there was sufficient notice of the institution and pendency of the attachment suit, so as to warrant the judgment by default final against Patrick, the. plaintiff in error. Article 19 of the attachment law, Rev. Code, 378, directs, if the defendant be not found or summoned, the clerk shall cause a publication to be made, etc., in some newspaper published in this state, most convenient to the place where the court is held, etc. The notice given to Patrick, was by posting notice at six public places, including the court-house door.

The act of 15th January, 1862, § 1, permits all notices, publications and advertisements required to be published, when there is no newspaper published in the county, to be made by posting at five public places in the county, etc.

In Foster v. Simmons, et al., 40 Miss., 588, constructive service under the several statutes was considered. It was said, that in order to excuse a litigant from advertising notice against an absent defendant in chancery, which notice was not required to be published in a newspaper published in the county, etc., it was clear if the act of 1862 had application to such a case, that it must appear of record that there was no newspaper published in the county. The attachment law does not contemplate, necessarily, that notice shall be given through a newspaper published in the county; the stat-

ute is complied with, if the notice is inserted in a newspaper " published in the state," most convenient to the place where the court is held. By confining the first clause of section 1 of the act of 1862, to such notices, advertisements, etc., as are by law required to be published in a newspaper published in the county, and if there be no such newspaper, then by posting notices; then the several parts of statute law on the subject, may be harmonized. The second clause of the first section supports this view, for that evidently indicates that a publication against a non-resident defendant must be by newspaper, which under the general provision of the chancery court law, need not be made in a paper published in the county where the suit is pending.

We are of opinion that article 12 of attachment law applies, as to the mode of giving constructive notice to the debtor, and where the debtor cannot be found or summoned, the notice must be published the prescribed length of time, " in some newspaper published within the state."

It follows, therefore, that the defendant, Patrick, did not have legal notice to appear and defend the attachment suit, and the judgment against him, is erroneous.

Wherefore, the judgment is reversed, and cause remanded. No summons against the plaintiff in error will be necessary in the court below—his prosecution of the writ of error makes him party to the suit.