## Wm. V. Gustavus *v.* Marx & Cochran.

1. Attachment—Insufficient service and return—Presumption.—The return of a sheriff of service and levy of an attachment as follows: "Executed personally, September 22, 1865, upon W. V. Gustavus, and levied the within attachment on the following lands as the property of said W. V. G., viz.: the north-east quarter, etc., containing 162 acres, September 22, 1865," is wholly insufficient, and a judgment by default for want of appearance of defendant will be reversed. Rev. Code, 373, art. 4; ib., 374, art. 7. The presumption from the affidavit and from the return of the sheriff is that defendant was, at the time, within the county and within reach of process.

Error to the circuit court of Copiah county. McNair, J.

Plaintiff in error assigns the following error:

That the judgment of said court was by default in an attachment suit, without levy of their establishment, or service of process on the defendant, and said judgment directs the sale of lands not levied on.

*Harris & Withers,* for plaintiff in error.

In this case, there was a personal judgment by default against the defendant below, and a direction to sell the land attached, based on the following return:

"Executed September 22d, 1865, upon W. V. Gustavus. Levied the attachment on the following lands, as the property of W. V. Gustavus, to-wit: The north-east quarter of

section 3, township 10, range 5, east; containing 162 66-100 acres.  September 22d, 1865."

The personal service was clearly bad, and the seizure under the attachment not shown to be legal by the return.

The rule is, that in these cases, Rev. Code, 374, art. 7, the return must show a proper execution affirmatively. This return cannot be helped out by presumptions. There is, indeed, no presumption in such case that the officer performed the duty. The manner of execution must be set forth. Now, whether this is a'good or defective execution of the attachment, depend altogether upon a fact not stated in the return, to-wit:  The character of the land, whether occupied or not, wild or uncultivated. We might, with as much propriety, presume that a defendant was "not found," when the return shows that the copy of the writ was left with the wife, and presume, that she was at the usual place of abode, etc.  Service by description is not the general, and other modes were exceptions.

This subject has been before this court very recently, and so carefully considered, that it is deemed needless to review decisions already collected and scrutinized by the court.

Tarbell, J.:

This action was instituted by attachment under article 2 of Rev. Code, 372, for the recovery of damages for the non-performance of a written undertaking to deliver cotton on demand. The cause came on to be heard at the April term 1866, of the circuit court of Copiah county. The defendant did not appear, and damages were assessed by a jury.  The defendant below brought the case to this court, and asks a reversal of the judgment on the following grounds:  "That the judgment was by default in an attachment suit, without any levy of the attachment or service of process on the defendant, and said judgment directs the sale of lands not levied on."

The affidavit for the attachment states in substance the defendant, Wm. V. Gustavus, to have been at the time a resident of the county of Copiah, and that he was about to remove himself therefrom.

The return of the sheriff upon the attachment is as follows: "Executed personally, September 22, 1865, upon W. V. Gustavus. Levied the within attachment on the following lands, as the property of W. V. Gustavus, to-wit: the north-east quarter, section 3, township 10, range 5, east, containing 162 66-100 acres. September 22, 1865."

The record of the judgment recites that the defendant did not appear to defend, and judgment was awarded to plaintiff against defendant, by default. Damages were assessed by the jury at seven hundred and fifty-two dollars, for which sum, with costs, execution was directed to issue.

The presumption in this case, from the affidavit upon which the attachment was issued, and from the return of the sheriff, is, that the defendant was at the time within the county and within the reach of process. This being so, as it clearly is, the sheriff's return is wholly insufficient to sustain the judgment. The return of personal service and of the levy upon the land, are both entirely insufficient. Art. 4, p. 373; and art. 7, Rev. Code, 374.

When warranted by the justice of the case, we have upheld judgments based upon defective returns of service of process, such returns being a substantial compliance with the code, and when presumptions in support of the judgment were authorized, but in the case before us, the sheriff's return is not only fatally defective, but the presumptions arising on the face of the record, are in fact against the validity of the judgment. The defendant has a right to insist upon his legal rights, and the reasoning of our predecessors, in Merritt v. White, 37 Miss., 438, in favor of a strict compliance with the requirements of the code, as involving the rights of parties and property, appears to be appropriate.

However reluctantly we reverse judgments for merely technical errors, no other course is left in this instance.

The judgment is reversed, and the cause remanded.