## E. M. HAMMOND v. F. V. OLIVE.

1. REQUISITES TO GOOD SERVICE—UNDER LAW OF 1867.—The return of the officer on the summons must show affirmatively, a compliance with the requirements of the statute; he must make personal service if practicable, before he can resort to the secondary mode of leaving a copy at the domicile of the defendant; and he must declare in his return that the party "could not be found." Foster v. Simmons, 40 Miss., 585, and cases cited.

2. SAME.—To make service by "copy at defendant's usual place of residence" complete, the return must show that every condition of the statute has been complied with. It must declare, first, that the defendant "could not be found;" second, that the copy was left with the wife of defendant, or with some other free white person above the age of sixteen years; third, if there was no such person there willing to receive the same, then the copy may be left at some public place at the dwelling house. The second mode of service cannot be adopted if the first can be made, nor the last until both the others have failed. And the officer, if he adopts the last mode, should manifest by his indorsement on the writ of "his acts under it," that he could not make personal service because defendant "could not be found;" and that he did not leave a copy with the wife or some other free white person, etc., because no such person was at the abode, or would accept the copy.

3. SAME.—A return by the officer, "executed by handing a copy to W. J. H., a member of the family, over eighteen years old, at the residence of E. M. H., defendant, he being absent," is clearly defective under the Revised Code of 1857, in not stating that W. J. H., was a "free white person;" and also, because it does not negative his ability to make personal service, by stating that the defendant "could not be found;" the words, "he being absent," do not import that "he could not be found."

Error to the circuit court of Attala county. CAMPBELL, J.

Plaintiff in error assigned the following errors:

1st. This is a judgment by default upon constructive notice to defendant, the return of process is not in accordance with the statute on that subject, and is insufficient.

2d. The writing sued upon is not set forth by proper averments, and according to its legal effect and operation, in declaration of plaintiff.

3d. The judgment of the court is erroneous in this, that it requires defendant to pay two per cent. interest on cash expended in that court.

4th. The judgment is excessive in this, that is for $705 05 and costs with ten per cent. interest; it should be for $704 56 and costs.

*Sam. Young*, for plaintiff in error.

The return of service is clearly defective. It does not

show in first place, that defendant " could not be found," without which, a service by leaving a copy, could not be resorted to. The copy was left with W. J. Hammond, a member of the family, but it does not show that he was a white person, or was willing to receive the copy. These are requisite to a good service.

In Illinois, their statute regulating the manner of service of process, is very similar to our own. In Cost et al. v. Rose et al., the return did not state, " left with a free white person." The court says, " in leaving process by copy, the return of the officer must show strict compliance with the statute, or the court will not obtain jurisdiction, etc., and held the return bad. Townsend v. Griggs, 2 Scam., 366; Montgomery v. Brown, 2 Gilm. (Geo.), 584; 4 Ind., 120; Bayland v. Bayland, 18 Ill., 557.

But our own court, by many decisions, has settled this point. Where constructive service is relied on, the return must show that the statute has been strictly complied with. Foster et al. v. Simmons, 40 Miss., 585; 2 Scam., 366; 2 Gilm., 582; 18 Ill., 551.

The writing sued on is not set forth in the pleading by proper averments, according to its legal effect. There is an attempt to set it forth in *hæc verba*, but this is held not sufficient, but it it should be shown by proper legal averments according to its legal effect. The note is no part of the pleadings. Lee v. Dozier, 40 Miss., 477. There is no averment that the promise was made in writing, signed by defendeant, nor when it was executed.

*Hudson & Nye,* for defendants in error.

The return, in this case, of service by the sheriff, is in these words : " Executed by handing a copy to W. J. Hammond, a member of the family, over eighteen years old, at the residence of E. M. Hammond, he being absent."

Here, the words, " he being absent," come up for construction and sufficiency; the copy was handed, at the home of E. M. Hammond, to a member of his family, " he being ab-

sent." The words, "he being absent from home," import sufficiently that he could not be found. The next point is, that it does not appear that the copy was handed to "a free white person." This provision of our law was made in the days of slavery, and can now have no application. It would now be competent for a negro, since his freedom, to serve the process itself, if duly deputized. W. J. Hammond was a member of the family of E. M. Hammond, and found at the residence of E. M. Hammond; bears the name of defendant; was eighteen years old, and may be satisfactorily concluded to be the son of defendant, and as such a "free man," or a "white man," as the defendant himself. Suppose this suit was against a negro, who had a domicile and no wife, but sons residing with him, could he be served with process, in his absence, by a copy left with his black son over sixteen years of age? We hold that such service would be good, because of the changed condition of the negro.

It does not appear that E. M. Hammond, the defendant, was a white person himself, and we have no means, upon this record, of knowing that fact. All were free and liable to be impleaded, whether white or black, when this suit was brought. We may infer or presume he was white, and so we can in the case of W. J. Hammond, who was a member of his family. If defendant was a white man in 1866, who could then be deemed a member of his family but those who were white? That W. J. Hammond was, in 1866, a free person, and member of the family of defendant, there can be no question.

If this court hold that it is material, and should appear, that W. J. Hammond was a free white person, we think, from the facts and circumstances stated in the return, that fact is sufficiently gathered and established, and the court will not reverse.

*W. P. Harris*, on same side.

This case depends on the sufficiency of the service of process, as shown by the return of the sheriff.

In this case the return is personally executed on A. Lewis, by handing him a copy: "Executed by handing a copy to W. J. Hammond, a member of the family, over eighteen years old, at the residence of E. M. Hammond, he being absent."

As colored persons are now liable to suit, the words "free white person" are to be considered as inoperative; otherwise there could be no constructive service in such cases, unless the defendant has a wife. The residence of a man is his usual place of abode.

He being absent, is equivalent to not being found. The sheriff is only required to go to the defendant's usual place of abode, for that word is used; and usual place of abode is applicable when the defendant has no residence, that is independent residence; and if the defendant is not there, the sheriff may proceed to make constructive service. Absence from his usual place of abode, authorizes the officer to make a return, "not found." "He being absent," is equivalent to "he not being found." The sheriff is not bound to institute a search for the party. If he is absent from home when the sheriff call to serve him with process, he is not found. In the case heretofore decided by the court, the words "not found" are omitted—no equivalent word used. Member of the family implies a white person.

SIMRALL, J.:

It is complained in this court, that there was not a sufficient service of the writ on Hammond. It has been established by a number of cases in this court, that the return of the officer on the summons must show affirmatively a compliance with the requirement of the statute. If practicable, he must make personal service, and before he can resort to the secondary mode by leaving a copy at the domicile of the defendant, he must declare in his return, that the party "could not be found." Foster v. Simmons, 40 Miss., 585, citing the cases, and many others subsequent, not necessary to be referred to. To make a service by "copy at the defendant's usual place of abode" complete, the return must

show that every condition of the statute has been complied with. 1st. It must declare that the defendant " could not be found;" 2d. That the copy was left with the wife, or some free white person above sixteen years of age ; 3d. If there be no free white person there willing to receive the same, then the copy may be left at some public place at the dwelling house. The statute regards the three modes of service in the order named, as gradations. The second cannot be adopted, if the first can be made; nor the last, until both the others have failed, and the officer should manifest, if he adopts the last mode, by his indorsement on the writ of "his acts under it," that he could not make personal service because the defendant could not be found, that he did not leave a copy with the wife, or some other person, etc., because no such person was at the " abode" or would accept the copy. We have been thus minute in the exposition of this subject (although it would seem to be unnecessary), in the hope that the officers charged with this duty, may be clearly instructed as to its performance.

There are two specific imperfections in this return of the sheriff: 1st. " W. J. Hammond," with whom the copy was left, is not said to be a "free white person," whatever may be thought of the necessity of a change of the statute in this particular, because of the altered condition of the country. It is the simple duty of this court to expound the law as it is written—referring, where it properly belongs, modifications and amendments to legislative wisdom. The statute of Illinois is in its text almost identical with ours, " the copy may be left at the usual place of abode, with some white person of the family," etc., is its language. In Cost v. Rose, 17 Ill., 277, the return omitted to describe the person with whom the copy was left as " white," this was held to be insufficient. In Thrumond v. Griggs, 2 Scamm., 366, the return was defective because the " person " was not said by the officer to be " of the family."

2d. This return is defective because the officer does not negative his ability to make personal service. The words,

"he being absent," in their connection with the context, import that the defendant was not "at home"—was absent from "his place of abode." This may be true, but it does not follow that because of such absence, "he could not be found," he might have been at his nearest neighbor, or at the county town, and it might have been entirely feasible for the sheriff to have "found him." The words "he being absent," are not the equivalent of "could not be found." The officer is guilty of a palpable violation of duty under the law, to substitute the secondary service by copy at the "abode," if he could with the use of diligence make personal service. Nor do we doubt his liability to an action for damages, if it was in his power to make a personal service, and he failed to do so, and thereby injury resulted to the plaintiff.

The judgment is reversed and cause remanded.