[No. 8,060.—Department Two.]

## WILLIAM CARDWELL *v.* F. SABICHI ET AL.

SERVICE OF SUMMONS IN JUSTICE'S COURT—JURISDICTION.—In an action in a Justice's Court judgment was entered by default upon the following proof of service: "I hereby certify that I have served the within summons by delivering a copy thereof, together with true copy of complaint, personally, at the Township and County of Los Angeles, this twenty-fifth day of April, 1879. W. Bettis, Constable," etc.

*Held:* Justices' Courts are courts of limited jurisdiction, and their jurisdiction must affirmatively appear, or their judgments will be absolutely void. No intendments can be indulged in favor of the jurisdiction of such courts. But within those rules, which are well settled and fixed in our jurisprudence, we think the service is proved by the above return.

APPEAL from a judgment for plaintiff, and from an order denying a new trial in the Superior Court of the County of Los Angeles. SEPULVEDA, J.

*F. H. Howard* and *Glassell & Smith,* for Appellants.

A Justice of the Peace can render judgment by default only upon proof of service of the summons. (Code Civ. Proc., § 871.) So that his jurisdiction to render the judgment depends upon proof being first made.

It will be observed that this return fails to state: 1. Upon whom summons was served; 2. To whom the copies were delivered; 3. That the copy of the complaint delivered was a copy of the complaint in the action mentioned in the summons; and, 4. That the service was personal (but only that the officer acted in person). (*Lowe* v. *Alexander,* 15 Cal. 300; *Adams & Co.* v. *Town,* 3 id. 247; *King* v. *Randlett,* 33 id. 318; *O'Brien* v. *S. F. & T. Canal Co.,* 10 id. 343; *Rowley* v. *Howard,* 23 id. 401; *S. S. M. Co.* v. *Marsano,* 10 Nev. 381; *McDonald* v. *Prescott,* 2 id. 109.)

The return in question fails to state that the complaint, of which a copy was delivered, was that in the action mentioned in the summons, and is therefore defective. (*Board* v. *Board,* 4 Abbott (N. Y.), 295; *Tullis* v. *Scott,* 38 Tex. 537; *Litchfield* v. *Burwell,* 5 How. Pr. (N. Y.) 341.)

It is doubtful, at least, under the sections of the Code of Civil Procedure, above cited (§§ 410, 415), whether a Constable's certificate, not verified by affidavit, is proof of service of summons.

*Bicknell & White* and *Graves & Chapman,* for Respondent.

The return of the Constable on the summons is sufficient proof of service. Whatever may be the difference between Superior and inferior Courts, with reference to the presumptions indulged in their favor, there is none between Constables and Sheriffs. (Pol. Code, § 4315.) But the return of a Sheriff is *prima facie* evidence of the facts stated. (Pol. Code, § 4178.) And by force of Section 4315 the same effect is given to a Constable's return.

Where a general power of serving process is given to an officer, a general return is sufficient. (*McMillan* v. *Reynolds,*

11 Cal. 379.) The following cases are also in point to prove the sufficiency of this return: *Cantley* v. *Moody,* 7 Port. (Ala.) 443; *Lenoir* v. *Broadhead,* 50 Ala. 58; *Holsinger* v. *Dunham,* 11 Ind. 346; *Chandler* v. *Miller,* 11 id. 382; *Keithley* v. *Borum,* 3 Miss. 683; *Crane* v. *Brannan,* 3 Cal. 195, 196.)

The statute, with reference to the officer's return on an attachment, is that he must return with a certificate of what he has done indorsed thereon. (C. C. P., § 559.) But it has been held, both before and since the Codes, that a return that he has "attached," without saying how, is *prima facie* sufficient. (*Ritter* v. *Scannell,* 11 Cal. 238; *Porter* v. *Pico,* 55 id. 165.)

There is a wide difference between a defective certificate, an insufficient return, and no proof of service at all. (*Drake* v. *Duvenick,* 45 Cal. 463, 464.)

THORNTON, J.:

There is but one question of importance in this case. It concerns a judgment rendered by the Justice's Court of Los Angeles Township, county of same name, in the action of *Perry et al.* v. *Louis Wolfskill.* Plaintiff claims under this judgment, and defendants contend that it is void for a want of jurisdiction of the party defendant, for the reason that there was no service of summons and complaint on him, as required by law. As evidence of such service, the plaintiff in the Court below offered the following return, which was indorsed on the summons :

"I hereby certify that I have served the within summons by delivering a copy thereof, together with true copy of complaint, personally, at the Township and County of Los Angeles, this twenty-fifth day of April, 1879.

"Fee, $2.                              W. BETTIS, Constable.

"By J. H. NORTHCRAFT, Deputy."

The above was objected to by defendants when the papers, including the judgment in the case of *Perry et al.* v. *Wolfskill,* were offered by plaintiff, on the ground that it did not prove service on Wolfskill. The Court overruled the objection, and defendants excepted.

It is true, that Justices' Courts are inferior Courts of lim-

ited jurisdiction, and their jurisdiction must affirmatively appear, or their judgments will be absolutely void. (*Lowe* v. *Alexander*, 15 Cal. 301, 302; *Rowley* v. *Howard*, 23 id. 404.) No intendments can be indulged in favor of the jurisdiction of such Courts. (*Lowe* v. *Alexander, ut supra.* See *Peacock* v. *Bell*, 1 Saund. 74; *Brittain* v. *Kinnaird*, 1 B. & B. 432; *Dempster* v. *Purnell*, 3 Man. & G. 375; 1 Smith's Lead. Cas., notes to *Crepps* v. *Dunden*, *816–818, etc.; Broom's Leg. Maxims, *413, 914.) But within those rules which are well settled and fixed in our jurisprudence, we think the service is proved by the above return. (Code Civ. Proc., §§ 849, 411, 415; Pol. C., §§ 4315, 4176.)

In *Legg* v. *Stillman et al.*, 2 Cowen, 418, which was *certiorari* to a Justice's Court, the suit was by summons in the Court below, and the return on the summons was as follows: "Personally served May 14, 1822. Fees, $0 13. Thomas McKnight, Const." The return was held sufficient. In the case cited, the objection to the judgment was made in a collateral action, as in the case before us for decision. The judgment was adjudged valid. Our views in this case are in accord with the ruling in *Legg* v. *Stillman*, which ruling meets our approval. In the case cited, the time and manner of service were shown, and in this case, the time, manner, and place of service appear. In neither case is defendant mentioned, either by name or by being designated as defendant.

As to the point, that the return does not show that the copy of the complaint served was the copy of the complaint in the action of *Perry et al.* v. *Wolfskill*, we have to say, that we do not think it tenable. The return afforded some evidence that it was such copy, and we can not say that the *proof* in this regard was not sufficient to authorize the Justice to render a judgment by default. (See Code Civ. Proc., § 871; *Drake* v. *Duvenick*, 45 Cal. 463.)

We have examined the cases cited by appellant's counsel as to the points discussed herein. The cases from the Mississippi reports (*Merritt* v. *White*, 37 Miss. 438, and *Woodliffe* v. *Connor*, 45 id. 552) were decided on a statute different from ours as to the return. (See Code of Mississippi, §§ 1563, 1564.) The provisions of this Code are stated in *Merritt* v. *White*, above cited.

*Belingall* v. *Gear,* 3 Scam. (Ill.) 575, was a case for the foreclosure of a mortgage by *scire facias.* The provisions of the statute of Illinois as to the service and return of the writ of *scire facias* in such action differ greatly from our statute as to return of summons in civil actions, as will be readily seen by a comparison. (See the case above cited, where the provisions of the statute are stated.) Besides the question was made on appeal in the case cited above, and not on a collateral attack. On appeal, the question of regularity is before the Court, and there is a great difference between an entire lack of jurisdiction and irregularity in obtaining jurisdiction. (*Drake* v. *Duvenick,* 45 Cal. 463.) *Tullis* v. *Scott,* 38 Tex. 537, and *Board* v. *Board,* 4 Abb. (N. Y.) 295, were appeals from judgments in the action or proceeding; and the same observations as to irregularity made above, apply. In *Litchfield* v. *Burwell,* 5 How. Pr. (N. Y.) 341, the question arose on a motion for judgment in the action, where the question was as to regularity of service.

We do not see that the cross-complaint of defendant Sabichi sets up anything which would go to defeat the claim of the plaintiff, admitting all the facts stated therein to be true.

The judgment and order denying a new trial are affirmed.

SHARPSTEIN and MYRICK, JJ., concurred.