## WILLIAM P. STANDEFER et al. *v.* GEORGE WELBY.

A. having been summoned as a garnishee by B., who was the creditor of C., answered, denying that he owed C. any thing, which answer was contested, and, upon the trial, C., the defendant in the judgment, and the debtor of B.,·

was introduced to prove A.'s indebtedness to him (C.). It is *held*, that C. was an incompetent witness to prove A.'s indebtedness to himself.

IN error from the circuit court of Itawamba county; Hon. Hugh R. Miller, judge.

The opinion contains the facts of the case.

*Bullard* and *Beene* for appellants.

A witness whose debt would be extinguished by a recovery in the suit, is an incompetent witness for the plaintiff. *Richardson* v. *Bartlett*, 2 B. Mon. 328.

If the testimony of the witness produced by the plaintiff would discharge the witness from the plaintiff's demand by establishing it against the defendant, his testimony will not be received. *Emerton* v. *Andrews*, 4 Mass. 653; *Leiper* v. *Gewen*, 8 Ala. 326.

A witness, who is liable to an action by the party for whom he is called, in case that party should not recover, is incompetent to testify, without a release executed to him. *Ray* v. *Justice*, 6 Georgia, 303; *Parker* v. *The State*, 8 Blackf. 292; *Enos* v. *Tuttle*, 3 Conn. 257; 2 Phil. Ev. 81–84.

*Robins* and *Owen*, for appellee, filed no brief.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error recovered a judgment against Joel A. Cayce and another, in the circuit court of Itawamba county.

Standefer, the plaintiff in error, was summoned to answer as a garnishee in what sum he was indebted to the defendants in this judgment.

The garnishee having answered, denying his indebtedness, his answer was contested; and upon the trial of this issue, Cayce, the defendant in the judgment, being introduced by the plaintiff below as a witness, was objected to by the garnishee, on the score of interest, which objection the court overruled, and permitted the witness to testify.

The witness was directly interested in the subject-matter of the controversy. The debt, when established against the gar-

nishee, would be by operation of law transferred to the plaintiff in the judgment, and thus enure to the benefit of the witness.    The effect of his evidence was to establish a debt, which the law would make operative in discharging the judgment against the witness.    He occupied exactly the attitude of an assignee by contract, who had guaranteed the debt assigned. If he could prove the debt against the garnishee, then the witness would be *pro tanto* discharged from the judgment; otherwise he would still continue bound for the amount thereof.

Under any view which can be taken of his evidence, we must consider it improper.

Judgment for this error reversed, new trial granted, and cause remanded.