## NATHANIEL JEFFERIES v. JOHN HARVIE.

1. REVISED CODE: REGULATES PROCEEDING IN SUITS PENDING WHEN IT TOOK EFFECT: GARNISHMENT.—Where a garnishment was issued before the Revised Code went into operation, but was made returnable at a time subsequent to that date; and was also executed on the garnishee after the Code took effect; the mode of service, judgment, and all subsequent proceedings, will be regulated by the provision of the Revised Code.

2. GARNISHMENT: IS ORIGINAL PROCESS: AND MUST BE EXECUTED AS SUCH.—As

VOL. IX.—7

to the garnishee, the writ of garnishment is original process, and when emanating from the Circuit Court, the return must show the mode and manner in which it was executed, as in other cases of original process emanating from that court. See *Merritt* v. *White*, 37 Miss. R.

ERROR to the Circuit Court of Claiborne county. Hon. Stanhope Posey, judge.

*John B. Coleman*, for plaintiff in error.

*H. T. Ellett* and *T. Y. Berry*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was a garnishment on judgment, under the statute, Rev. Code, 537, Art. 313.

The process was returnable to March term, 1858, and was returned by the sheriff as follows : " Executed this on W. P. Russum and Nathaniel Jefferies the 14th day of November, 1857." The process was issued in October, 1857 ; and at the return term, a judgment by default was taken against the plaintiff in error, as garnishee of the judgment debtor, upon his failure to answer at that time, under the provision of the Rev. Code, 379, Art. 25 ; to reverse which judgment, this writ of error is sued out.

The first ground of reversal relied on is, that the judgment was final instead of a judgment *nisi*, &c. ; and this presents the question whether the proceedings in the matter are governed by the provision of the Rev. Code above cited, or· by the statute, Hutch. Code, 911, § 2, which provided that upon the failure of the garnishee to appear and answer, a conditional judgment should be rendered against him, upon which a *scire facias* should issue returnable to the next term, &c.

We are of opinion that the proceeding is governed by the provisions of the Revised Code. It is true the garnishment was issued before that Code went into operation. But the Code went into operation before any further proceedings were taken in the matter ; and by Chap. 1, Art. 5, of that Code, it is enacted, that " the repeal of any statutory provisions by this act, shall not affect any act done, or any cause of action, or right accruing, or accrued, or established, or any suit or proceeding had or commenced in any civil

case, or any plea, or defence, or bar thereto, previous to the time when such repeal shall take place; but the proceedings in every such case shall be conformed as far as practicable to the provisions of the said Revised Code." And by Art. 2, of the same chapter, the provisions of the Code are to supersede all prior statutory provisions thereby revised; and, by Art. 3, previous statutes repugnant to the provisions of the Code, are repealed. From these provisions, it is plain that the execution of the writ upon the garnishee, and the judgment rendered against him, which took place after the Code went into operation, being mere "proceedings" upon the garnishment, were governed by the provisions of the Code; and, consequently, that the judgment, if according to the modes of proceeding enacted by the Code, was correct as to the form and manner in which it was rendered.

The second error assigned is, that the service of the garnishment was not such as is required by the Revised Code; and hence, that it was insufficient to warrant the judgment by default.

The ground of this objection is, that the sheriff's return does not show the manner in which he executed the process on the garnishee; and it is insisted that it is embraced within the provisions of Art. 64 of the Revised Code, 489, which requires that "original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him," &c. The question, then, is whether such process is to be considered as "original process," within the meaning of this statute; for if it is, it is necessary that the return should show the mode in which the writ has been served on the garnishee, as we have recently held in the case of *Merritt* v. *White.*

The process of garnishment under consideration appears to be rather of a mixed character; partaking partly of the characteristics of final process, and partly of the nature of original process. As to the plaintiff, it is of the former character, being process to have execution of his judgment already obtained against his debtor. But as to the garnishee, it appears to be purely original process; for it is the means by which he is summoned into court to answer to his indebtedness to the defendant in the judgment. It has the same effect upon him, if the proceedings be regular, as if he was sued by the defendant in the judgment upon his indebtedness

to him.    The same reasons which are held to require that a writ, issued by the defendant in the judgment against him, should be executed and returned in a particular manner, appear to require that his rights shall be under the protection of the same forms of proceeding, when he is attempted to be made liable for the same debt, by a third person claiming to have it applied to his use.

In determining the character of the process, we think that the rights of the garnishee, as a debtor to the defendant in the judgment, are entitled to special consideration ; for it was clearly as a protection to the rights of a party sued, that the provisions of the statute as to the mode of executing and returning process, are made in the statute.    The garnishment against him is, so far as he is concerned, an original suit to recover a debt, of which he should have as full notice as if the claim was asserted by the suit of his immediate creditor.

We think, therefore, that the garnishment must be regarded as original process as to the garnishee, and is embraced within the alteration of the statute made by the Revised Code.    Consequently, the service in this case was insufficient, and the judgment must be reversed, and the cause remanded for further proceedings.