## Wм. A. ROBERTSON v. AMOS C. JOHNSON.

1. PRACTICE IN HIGH COURT OF ERRORS AND APPEALS: MOTION TO DISMISS.—The High Court of Errors and Appeals will not consider objections which are raised on the final hearing of the cause, and which should have been presented earlier, in the form of a motion to dismiss.

2. APPEAL BOND: EXECUTION OF, BY AGENT.—If an appeal bond is executed in the name of the principal, by an agent, the authority for the agent to sign the name of the principal, need not appear of record; and a motion to dismiss the appeal for reason will not be sustained.

3. FINAL DECREE: VENDOR'S LIEN.—In a suit in chancery, to enforce the vendor's lien, a decree which directs the sale of the land is final, as contradistinguished from interlocutory, though there may be a subsequent decree confirming the sale.

4. PROCESS IN CHANCERY COURTS: HOW RETURNED AND EXECUTED: RETURN OF "EXECUTED" INSUFFICIENT.—The rules prescribed in the circuit court act of the Code, for the execution and return of process, are applicable to all other courts, unless restricted by some statutory provision. Hence, a return "executed" on a summons in chancery is insufficient; the return must show the manner in which the process was served.

APPEAL from the Chancery Court of Holmes county. Hon. E. G. Henry, judge.

*H. S. Allen*, for appellant.

1. That a return of "executed" was not sufficient on a summons in chancery. The execution of original process is the same in the Chancery as in the Circuit Court. Rev. Code, page 544, article 27, page 489, article 64.

It has been settled by this court, that the sheriff must show how he has served the process. 37 Miss. 438; 38 Miss. 544.

2. That the decree should have directed a sale of only portion of the land. When a number of lots of land are subject to a lien, and the lien is about to be enforced by a sale of the

Robertson *v.* Johnson.

land, it is the duty of the chancellor to become informed whether a part cannot be sold to pay the claim. 13 Miss. 373.

*J. M. Dyer*, for appellee.

1. That the appeal in this case was from an interlocutory decree of the court below, and could be granted by the court alone, on application made within twenty days after its rendition. Rev. Code, 555, articles 102, 103.

It was not a final decree in the cause until after the report of the commissioner of the sale of the land, and the confirmation of that report.

2. The statute requires bond to be given by the appellant with two or more sureties. Rev. Code, 556, article 105. In this case the name of one of the sureties is signed " W. F. Stansbury, by J. M. Haynes." The agency of Haynes is not shown in the body of the bond.

3. That the rules for the return of process in the Circuit Court, and the decisions of the High Court in reference thereto, are not applicable to process in the chancery courts.

*H. S Allen*, in reply.

1. The decrees in the cause were final. The object of the bill was a sale of the land; and the decree having directed a sale, the object of the bill was accomplished, and the decree final. *Atkinson* v. *Marks*, 1 Cowen, 691; *Kane* v. *Whittick*, 8 Wend. 224.

The merits of the cause were disposed of by the decree, and therefore final. *Mills* v. *Hoag*, 7 Paige, 18.

A decretal order, upon which an execution may issue, is a final decree. 1 McCord's Ch. R. 32; 1 Leigh, 108.

2. That the objection to the bond was untenable.

ELLETT, J., delivered the opinion of the court.

No motion is made for the dismissal of this case; but on the argument in this court, the appellee objects to a reversal on two preliminary grounds: First, that the name of one of the sureties to the appeal bond is signed as follows, " W. F. Stansbury,

by J. M. Haynes," and he insists that, inasmuch as no authority is shown for Haynes to execute the bond as attorney for Stansbury, the signature must be disregarded, and the bond taken as having but one surety, and the appeal dismissed for this supposed irregularity. Second, that the decrees appealed from are not final decrees, and that the appeal was not taken in the time or manner prescribed by law for appeals from interlocutory decrees.

We cannot notice objections of this character, when raised on the final hearing of the cause in this court. If relied on, they should be taken advantage of by motion to dismiss the appeal. In this case, we may add that we do not think either of the objections well founded. In regard to the bond, in the absence of any proof to the contrary, we must presume that it was regularly executed, and that proper authority existed for the signature of Stansbury by Haynes, as his attorney in fact. The decrees are final decrees, and a very serious objection to the regularity of the proceedings is, that there are two final decrees shown by the record, the second rendered a year after the first. The bill was filed to enforce a vendor's equitable lien upon land. The decrees ascertain the amount due, and require payment within a short time, and in default of payment, direct the sale of the land for the satisfaction of the debt and costs. Such decrees are final, as contradistinguished from interlocutory. It is erroneous to suppose that the confirmation of the report of sale is the final decree in such a case.

Several errors are assigned for the reversal of the two decrees. The bill was taken for confessed, and there was no appearance of the defendant. The process issued upon the bill does not conform to the plain and simple requirements of the statute (Rev. Code, 544, article 26); but though containing a great deal of unnecessary matter, may, in the absence of objection, be accepted as a sufficient writ. The return of service is in these words : "Executed October 21, 1859," with the signature of the sheriff. It settled that in regard to process in the circuit courts, such a return is insufficient, and that it is necessary for the sheriff to show the manner in which the process was served.

*Merritt* v. *White*, 38 Miss. 438. But it is denied that this rule applies to the process of the chancery courts. The statute prescribes the following regulation on the subject : " All process of any chancery court shall be executed in the same manner as writs of the like nature from the circuit courts are required to be executed." Rev. Code, 544, article 27. Original process to bring in a defendant to answer an action, is, of course, " of the like nature " in both courts ; and in the preceding article of the Code, it is expressly enacted that, in the chancery courts, " the process to bring in a defendant, except when otherwise ordered, shall be a summons, in a form similar to that used in actions at law." It is argued, however, that the statute only requires chancery process to be " executed," but does not require it to be " returned " in the same manner as writs from the circuit courts, and hence that the old rule, existing before the adoption of the Code, in regard to the sufficiency of a general return " executed," still prevails in the chancery courts. We cannot admit the force of this reasoning. In *Merritt* v. *White*, the general return was held to be insufficient, because the legislature had made specific regulations as to the mode of executing and making return of process, not before in force. It is admitted that these regulations, so far as they relate to the mode of execution, are expressly made applicable to the chancery courts. That there is no express provision that the new regulations respecting the return of process shall also prevail in these courts, may, perhaps, be owing to the fact that, although found in the act in relation to circuit courts, they are nevertheless general in their character, and by the very terms of the law apply to " all process," and not peculiarly or exclusively to the process of any particular court. The language of the act is : " The sheriff shall mark on all process the day of the receipt thereof by him, and he shall return the same on the return day, with a written statement of his proceedings thereon, and of his fees," etc. ; and imposes penalties for the neglect of any of these duties. The character of the duties imposed, and the terms of the law, embrace the process of all courts, except those in reference to which a different regulation is provided. But inde-

pendent of this express enactment, all the reasoning that requires the manner of service to be set forth in returns of process in the circuit courts, applies with full force to the chancery courts, and the same rule ought to prevail in both courts, in the absence of some peremptory requirement to the contrary.

For this error the two decrees rendered in the court below will be reversed, and the cause remanded for further proceedings.