## Jacob Crizer and Wife *v.* Daniel Gorren.

1. PROCESS: WRIT OF ATTACHMENT, HOW RETURNED EXECUTED.—Writs of attachment, and all other original process, are to be executed according to the rules prescribed by arts. 63 and 64, page 489 of Rev. Code. and the return of the officer must show the manner in which he executed the process.

2. SAME: VALIDITY OF JUDGMENT BY DEFAULT WHEN PROCESS NOT PROPERLY RETURNED.—A judgment by default, where the return of the officer upon the process is informal, and which purports to show a service upon the defendant, is a good judgment against the defendant, until reversed in a direct proceeding instituted for that purpose.

3. ATTACHMENTS: JUDGMENT AT RETURN TERM.—It is regular in attachment suits to take judgment, on proper publication or notice, at the return term.

4. PROCESS: GARNISHMENT, HOW EXECUTED AND RETURNED.—Where an officer, by a writ of attachment, is required to summon certain parties as garnishees, his return must show in what manner he has summoned them, and that he summoned them to appear at the proper court, to make answer as garnishees.

ERROR to the Circuit Court of Adams county. Hon. James M. Smiley, judge.

*Jno. D. Freeman, Stanley* and *Thomas,* for plaintiffs in error.

*W. F. Mellen* for defendant in error.

ELLETT, J., delivered the opinion of the court.

Gorren commenced a suit by attachment against Ella J. Vincent. The writ contained at the foot a direction to the officer

to summon Crizer and wife as garnishees. The return was as follows : "No property of the defendant, Ella Vincent, found in my county upon which to levy this writ of attachment. Summoned as garnishees herein, Jacob Crizer and Maria, his wife, and also summoned the within-named defendant, Ella J. Vincent." The writ was issued by a justice of the peace, returnable to the Circuit Court. The declaration was filed before the return day of the writ. At the return term judgment was taken by default against the defendant, and judgment was also entered against Crizer and wife as garnishees, for want of an answer.

The writ of error is prosecuted by the garnishees only.

The return of service of the writ on the original defendant, Vincent, was defective. In regard to attachments as to all other original process, the rules prescribed by articles 63 and 64, Rev. Code, 489, prevail, and the sheriff must show in what manner he executed the writ.

But this is not an error of which the garnishees can complain. It is a good judgment against the defendant, until reversed in a direct proceeding by her for that purpose, as the return purports to show a service upon her, and it is only the form of the return that is defective. It is regular in attachment cases to take judgments, on proper publication or notice, at the return term. It is so expressly provided in art. 150, Rev. Code, 503, and so is the whole tenor of the attachment act. The judgment cannot, therefore, be reversed as to the original defendant, or for any error to her prejudice merely.

But the return of service of process on the garnishees is also defective. It is as important to show in what manner they were summoned, as in what manner the writ was executed on the other parties. Ordinarily, no process issues against the garnishees except in proceedings after judgment, but the sheriff is required to summon as garnishees, all persons in whose hands he attaches money or effects of the defendant, to appear at the court to which the writ is returnable, there to answer on oath, &c. He is then to endorse " a written statement of his proceedings " on the writ. This requirement is not fulfilled by a

mere return that he summoned as garnishees certain persons. He must show in what manner he summoned them, and that he summoned them to appear at the proper court to make answer as garnishees. Having no process in his hands against them, it becomes the more necessary that these facts should appear, in order that the court may have jurisdiction over them. 38 Miss. 97, ib. 544.

For the insufficient return in regard to the garnishees the judgment against them will be reversed, and the cause remanded.