## Thomas Rankin et al. v. Wm. Dulaney.

| 43 | 197 |
|----|----|
| 76 | 569 |

1. ATTACHMENT—SERVICE AND RETURN.—An endorsement by the sheriff on a writ of attachment saying in general terms, "executed by serving the within attachment personally on," the defendants, "and levying on," etc., is not a "full return of his proceedings thereon," as required by statute (Revised Code, p. 374, art., 7), and is, therefore, insufficient. The court must be informed, by the return of the officer, what his proceedings under the writ were, and how they were conducted; and then the court, and not the officer, will judge whether the writ has been "executed" and "served" as required by statute.

2. SAME.—The remedy by attachment is a special and extraordinary proceeding, in which all the provisions of the statute must be strictly observed. Jeffries v. Harvie, 38 Miss., 97; Roy v. Heard et al., 38 Miss., 544; Gates et al. v. Flint et al., 39 Miss., 365; Robertson & Johnson, 40 Miss., 500; Foster et al. v. Simmons et al., 40 Miss., 595; and Wolley v. Bowie, 41 Miss., 553—cited and approved.

Error to the circuit court of Hinds county. Watts, J.

Plaintiff in error assigned the following error: The service and return of process upon the plaintiffs in error were illegal, and the judgment by default taken upon the same against the plaintiffs in error, was void.

*T. J. & F. A. R. Wharton*, for the plaintiff in error.

The main ground relied upon for a reversal in this case is, that the service of process on the plaintiffs in error was irregular and void.

[The return of the officer is given in the opinion of the court.]

After the repeated adjudications upon this point, it is deemed unnecessary to refer to authorities, but we simply insist that these decisions are correct, and in strict conformity with the requirements of the Rev. Code, art., 64, p. 489. The first case we find, is Merritt v. White, 37 Miss., 438–440. There the return was simply, " executed," and this was held, under the old statute, to be sufficient. By the Rev. Code of 1857, p. 489, arts., 63 and 64, the sheriff is required to return the process on the return day, "with a written statement of his proceedings thereon." The old Code simply required the sheriff " to make due return thereof to the proper court." Hutch. Code, 443, § 7. The sheriff no longer judges whether he has duly or legally executed the process. In the case of personal service, he must state the fact that he executed the writ personally on the defendant, and delivered to him a true copy, unless he waived a copy, and this latter fact he must state in his return. In Robertson v. Johnston, 40 Miss., 580, the same rule was applied to process in the chancery court.

In Foster v. Simmons, 40 Miss., 585, the court said that " it is impossible to adjudge that the defendant has had any legal notice of the pendency of this suit, in the absence of proper proof of the facts to authorize the notice to be given in the particular manner adopted." See also, Jeffries v. Harvie, 38 Miss., 98; Ray, garnishee, v. Heard & Simmons, ib., 544.

In Anderson v. Dismukes (not reported, in Opinion Book), the return was, " executed in person," on which judgment was taken by default, and on error to this court was reversed. See also, the case of Walter & Fisher v. E. P. Davis et al.

(not reported, in Opinion Book 1, p. 200), and Barker & Bradford v. B. Harper Sheperd (not yet reported), fully endorsing the same rule. 41 Miss., contains many cases to the same point: Wolley v. Bowie, 553 ; Sawyers v. Smith, 554; Campbell v. Hays, admr., 551 ; Crizer v. Gorren, 563.

*Geo. L. Potter*, for the defendant in error.

The return in this case is " executed by serving the written attachment personally on the defendants," warning them, " and levying on 14 bales of cotton." The Rev. Code, p. 373, art., 4, provides that if the defendant be found, the officer shall " summon " him to appear and answer the action. The mode of service is thus left to be regulated by the general provision, Rev. Code, 489, art., 63 and 64. The sheriff must return the writ " with a written statement of his proceedings thereon." Failing to do this, is liable " for all damages," etc., and a forfeiture of $100, etc., art., 63. If the defendant can be found, the process " shall be served personally on him," and a " true copy delivered to him." If he cannot be found, he must be served by a " true copy left," etc., art., 64.

The manner of service is important, inasmuch as a default cannot be taken at the return term, unless the process has been served personally on the defendant. Rev. Code, 503, art., 150. In this case the return shows execution of the writ by " serving " the same " personally " on the defendants. Personal service is by delivering a copy to the defendant himself. 37 Miss., 439. Here the process was served, for the officer attests that he " executed " it; and further, that he served it " personally " on the defendants. The statute requires the officers to return the writ " with a written statement of his proceedings thereon," but does not prescribe the words of that " statement." As there can be but one mode of personal service, it is manifest that a general return " served personally on the defendant," or " executed by serving the within writ personally on the defendants," is " a statement " of the proceedings in the matter of service.

The act in this particular is a penal statute, and a rigid criticism ought not to be applied to it; for if the sheriff has failed to state how he served the process, as fully as the act requires, then he is liable to a forfeiture, and also for all damages, etc. If the sheriff is not liable on this return to said forfeiture, then is the service good. It will not do to hold the return bad as to the defendants, and yet good to save the sheriff from the forfeiture. The Code settles this question and declares this return good. In the probate court law, it also provides for a summons, and that an attachment may issue on the return· of " summoned " and a failure to appear. Rev. Code, 428, art., 20. It defines itself, and declares a general return of " summoned," to be good. But suppose this return be held insufficient, what is the consequence ? The judgment is not *void* as assumed by the plaintiffs in error, but simply erroneous. 41 Miss., 562.

It is a general rule, that objections shall be made at the proper time, or they will be considered as waived. It is clear that there was some kind of personal service of the writ on the defendants, and that they had full notice of the suit, in due time before the return day. They declined to move the court below to quash the return, and for the first time, raise the question here. It is too late. They have waived all exception to sufficiency of the return. "*Any* process issued, made returnable, or executed otherwise than as directed by law, may be set aside on motion." Revised Code 544, art., 27.

This clause, although found in the chancery court act, recognizes the rule we contend for, and declares a general policy. The same rule is found in the circuit court law. " If any matter required to be inserted in, or *endorsed* on any process, shall be omitted, such process shall not, on that account, be held void, but it may be *set aside* as irregular, or amended," etc., " and such amendment may be made on any application to set aside," etc. Rev. Code, 490, art. 70. The policy of the law is to require parties to make their objections to defective returns at the return term, and in the first in-

stance. By such a policy, the rights of defendants are fully protected, and the plaintiff is not improperly delayed.

It may be urged that this question has already been decided; but the return, in this case, of *served personally* on defendants, is very different from the return of " executed, " in Merritt v. White, 37 Miss. The return in that case did not show whether the service was personal, or by copy left. In this case, the fact of personal service is clearly stated. But if this very point had been decided on a partial view of the statutes, this court would not hesitate to reconsider the question. In Merritt v. White, the clauses of the Code now cited, were not considered. This court had held that process from the circuit, chancery, and probate courts, is to be served in the same manner, and the sheriff must make a like form of return on each. But neither in that, nor in any other case, has this court considered the effect of that provision of the case in the probate law; " the court, on return of ' summoned,' and failure to appear, may issue an attachment," etc. Rev. Code, 428, art. 20. There it is declared that a return of " summoned," is good service. It is a legislative declaration expository of the clause relied on in Merritt v. White.

This court has not considered the effect of the clause requiring objections to returns to be taken by *motion*. Rev. Code, 544, art. 27, nor the analagous clause in the circuit court act, 490, art. 70. It has not considered the question of waiver, nor considered, directly, whether exceptions to defective returns can be made, for the first time, in the appellate court.

Tarbell, J.:

This suit was commenced by *attachment* in the court below, under the Revised Code of 1857, chapter 52, p. 372. The declaration was upon an open account. The defendants did not appear, and judgment by default was rendered against them in favor of the plaintiff, for the amount claimed. The only error assigned, is the insufficiency of the sheriff's return of service of process, which is in the words and figures following, to-wit:

" Executed by serving the within attachment, personally,

on Thos. Rankin, John Salter, and James Wiley, and levying on fourteen bales of cotton, the property of defendants, weighing, I suppose, six thousand three hundred pounds; the 30th day of November, A. D. 1867.

[ " Signed]                    THOS. PALMER, Sheriff.
              " By WM. H. TAYLOR, Special Deputy."

Eminent counsel have argued this case elaborately and ably, and for this reason, as well as for the expediency and importance of settling a question upon which leading members of the bar differ so widely and so earnestly, the court has given the subject that mature deliberation which its intrinsic merits demand.

The provisions of the Code under which the attachment was issued, are these: Chapter 52, p. 373, art. 1, provides the remedy by attachment. Art. 2 states before whom oath shall be made, and its contents. Art. 3 directs the issuing of the attachment against the estate of the debtor, returnable to the next term of the circuit court, and that it " shall be the leading process in the suit." Art. 4 prescribes the mode of levying upon lands, goods, chattels, debts, etc., and adds, " If the defendant can be found the said officer shall also summon him to appear and answer the action." Art. 7 minutely points out the mode of executing the writ, according to the character of the property to be seized, whether real estate, stocks, choses in action, etc. " And in case of a levy on money, goods or chattels of the defendant, the officer shall take the property into possession," etc. This article further requires that the officer serving an attachment, " shall make a full return of his proceedings thereon," etc.

This is a special and extraordinary proceeding, provided by statute. The rights of one of the parties may be determined without personal service of process, and even without his knowledge. Hence, in all these special proceedings, the provisions of the Code should be strictly adhered to. In the case under consideration, does the return of the sheriff show such an observance of the requirements of the attachment law as to justify the court below in awarding judgment

against defendants? The sheriff says he "executed the attachment by 'serving' it 'personally' on the defendants."

In what manner did he serve it? Did he deliver a copy to the defendants? If not, did he notify them of the time and place of the return of the same? Did he inform defendants that it was returnable before the magistrate who issued it, or to the circuit court? Did he state to the defendants, verbally, the substance of the writ? Did he deliver to them the substance thereof in writing?

These are some of the questions on which the court ought to have been informed by the sheriff's return before its judgment. The Code, art. 4, quoted above, says the sheriff shall "summon" the defendant, if to be found. Did he "summon" these defendants? His return does not say so. Art. 7 referred to requires the sheriff, in case of a levy on goods or chattels, to take the property into possession. Did he do so in this case? His return furnishes no reply to this question. Art. 7 also requires the sheriff to make a full return of his proceedings on the attachment. Has he done so? We think not, nor is it even a substantial compliance with the Code. Art. 61, sec. 8, p. 488, says: "The first process in a civil action, except where otherwise provided, shall be a summons," etc. "Attachments" are "otherwise provided," and are described in art. 3, before quoted, as "process," or "leading process in the suit." Art. 63, sec. 8, p. 489, provides that "the sheriff shall mark on all process the day of the receipt thereof by him, and he shall return the same on the return day, with a written statement of his proceedings thereon," etc. Art. 64, sec. 8, p. 489, directs specficially the mode of serving "original process," on the defendant if to be found, to-wit: both personal and by copy.

From this critical examination of the various provisions of the Code, the conclusion is reached that the return of the sheriff in this case is materially defective, and this result is arrived at independently of numerous decisions of this court, which also sustain the view now taken. In the case of Merritt v. White, 37 Miss., 438, the court held that under the

provisions of the Rev. Code, arts. 63–4, p. 489, a general return of " executed " on original process from the circuit court was insufficient, and would not warrant a judgment by default.

The case of Jeffries v. Harvie, 38 Miss., 97, was a proceeding by garnishment upon judgment, the return of the sheriff being, " Executed this on W. P. Russum and Nathaniel Jeffries, the 14th November, 1857 ; " which the court held to be defective, observing that the process of garnishment upon a judgment " appears to be rather of a mixed character, partaking partly of the characteristic of final process, and partly of the nature of original process." As to the plaintiff it is of the former character, being process to have execution of his judgment already obtained against his debtor. But as to the garnishee, it appears to be purely original process, for it is the means by which he is summoned into court to answer to his indebtedness to the defendant in the judgment. It has the same effect upon him, if the proceedings be regular, as if he were sued by the defendant in the judgment upon his indebtedness to him. * * * The garnishment against him is, so far as he is concerned, an original suit to recover a debt, of which he should have as full notice as if the claim was asserted by the suit of his immediate creditor."

In the case of Roy, garnishee, v. Heard & Simmons, 38 Miss., 544, the return of " executed," was held to be " no service," but that the appearance of the party in the action was a waiver of such service.

The case of Gates & Pleasant v. Flint and wife, 39 Miss., 365, this doctrine is laid down : " Personal property cannot be levied on without taking it into the possession of the officer or his agent. The levy being the only foundation of the judgment, in a proceeding by attachment against personal property, if there was no levy, or if the officer never took it into his possession at all, the whole proceedings founded on it were void as to that property."

Robertson v. Johnson, 40 Miss., 500, was an equity case, brought to this court by appeal; but it was held, 1st. That

" the manner of service to be set forth in return of process, in the circuit courts, applies with full force to the chancery courts; " 2d. That a general return of " executed," is insufficient; 3d. That " it is necessary for the sheriff to show the manner in which the process was served; " and 4th, That this rule applies to " all process " of all courts.

Foster et al. v. Simmons et al., 40 Miss., 585, another case in equity, repeats the same doctrine in the following language : " This court has decided, in the case of Robertson v. Johnson, at April term, 1866, that the rule laid down in the case of Merritt v. White, 37 Miss., 438, in relation to the execution and return of process in the circuit courts, applies in its full force to the process of the chancery courts, and hence, that it is necessary for the sheriff to return a written statement of his proceedings, in the service of a summons in chancery, in order that the court may be able to determine whether the requirements of the law have been complied with."

In the case of Wolley v. Bowie, 41 Miss., 553, the court say : " The return of service on the defendant, Ann Wolley, ' duly executed,' was not sufficient to justify the judgment by default, against her." Sawyer v. Smith, 41 Miss., 554, is to the same effect. Campbell et al. v. Hays, admr., 41 Miss., 561, was an attempt to attack, collaterally, the validity of an administrator's sale, on the ground of defective return of service of citations. The court, Ellett, J., said : " But we think it proper to say, that we have not held that judgments and decrees are absolutely void, and may be collaterally impeached, merely on the ground that the return of the service of process is not made in the formal manner prescribed by the statute. On the contrary, we are of opinion that where a judgment by default is taken upon a return which purports to show that the process has been actually executed, such judgment is valid and binding whenever it comes collaterally in question, although defendant might reverse it upon a writ of error, on the ground of the insufficiency of the return." And the court adds : " The parties interested have not com-

plained of the insufficiency of the return, by a direct proceeding to reverse it," etc.

In the case of Crizer and wife v. Gorren, 41 Miss., 563, the suit was commenced by attachment as in the case under consideration. The sheriff returned that he had " summoned " the defendant, and also that he had "summoned" the garnishees, naming each. The writ was issued by a justice of the peace, returnable to the circuit court. At the return term judgment was taken by default against the defendant, and judgment was also entered against the garnishees for want of an answer. Writ of error was prosecuted by the garnishees only. The court declared the return of service as to original defendant defective, but held that it could not be attacked by the garnishees. The return of " summoned " as to the garnishees was also held to be insufficient, and, as to them, judgment was reversed. The court said : " In regard to attachments as to all other original process, the rules prescribed by arts. 63, 64, Rev. Code, 489, prevail, and the sheriff must show in what manner he executed the writ."

It will thus be seen to be the well established doctrine of this court, repeatedly uttered, that the return of the sheriff of the service of " all process " (art. 63, Rev. Code, p. 489), must contain " a written statement of his proceedings thereon ; " that in " serving an attachment " (art. 7, Rev. Code, p. 375), he " shall make a full return of the proceedings thereon ;" and that his " proceedings " must conform to the requirements of the Code as to service, etc.

It may be, as suggested by counsel, that in some instances, defendants who have no defense on the merits, will, after judgment by default, take advantage of technical errors to the injury of plaintiffs, honestly striving to collect just debts ; but it must be remembered that plaintiffs and their counsel are in fault if they commit mistakes in making up their records. The language of Mr. Justice Handy, who once occupied and honored one of these seats, in a case already referred to, is adopted as the happy expression of the sentiment of this court : " The return of the sheriff upon process is an import-

ant matter to a party affected by it." \* \* \* "It may be the means of depriving him of most valuable rights." \* \* \* "The more vague and general the return, the more is the right jeoparded. Hence, the provision appears to be just and wise, that the sheriff should state specifically the manner in which he has executed the process. This course is in accordance with sound principles. The sheriff should not be permitted to state legal conclusions, by way of return to process. He is not to determine what is legal service of process, but it is his duty to state facts, and leave it to the court to determine whether the process has been thereby 'executed' according to law. His office is to do the acts which the law requires, and to certify them to the court; and a rule that promotes that end is manifestly one founded in sound principle, and tends to protect the rights of parties litigant."

Article 27, Rev. Code, p. 544, and art. 70, p. 490, have been carefully considered, and it is the opinion of this court that they not only do not, but were not intended to change the rule in question, but were designed to afford increased facilities to parties to protect their rights and to promote the ends of justice.

The prosecution of this writ of error is an appearance in the suit on the part of the defendants.

Judgment reversed and cause remanded.