## B. F. Moore, Garnishee, *v.* John W. Coats.

1. Garnishment—Service of Process of, in Attachment.—On error prosecuted by a garnishee against whom judgment for want of answer had been rendered, the error assigned is the insufficiency of the sheriff's return, which is as follows: Executed August 3d, 1867, by summoning B. F. M., jr., to answer as garnishee. W. G. C., not found in my county.

J. E., Sheriff,
By J. M., Deputy.

*Held:* That this being the statement of only a legal conclusion, and not a statement of facts, is insufficient. The return should contain a statement by the sheriff of his proceedings as matters of fact, that the court may judge of their sufficiency.

Error to the circuit court of Lauderdale county.    HANCOCK, J.
Plaintiff in error assigned the following errors:

1st. The judgment by default was improperly taken against him, as he had not been legally and duly summoned to answer as garnishee.

2d. The service and return of service on the garnishment summons is irregular and not in compliance with law.

*Yergers*, for the plaintiff in error,

Referred the court to Merritt v. White, 38 Miss., 438; Robertson v. Johnston, 40 Miss., 590; Foster et al. v. Simmons et al., 40 Miss., 585.

TARBELL, J.:

This suit was commenced by attachment against W. G. Crumpton, returnable to the August term, 1867, of the circuit court of Lauderdale county. Attachment was not served on Crumpton, but B. F. Moore was "summoned" as garnishee. Judgment was obtained at the August term, 1868, of that court, against the garnishee for want of an answer. This writ of error is prosecuted by the garnishee. The only error assigned is the insufficiency of the sheriff's return, which is in the words and figures following: "Executed August 3, 1867, by summoning B. F. Moore, jr., to answer as garnishee. W. G. Crumpton not found in my county."

(" Signed)                    Jos. EAKINS, Sheriff,
                              By J. MEANS, Deputy."

The uniform doctrine of the decisions since 1857 is, that the Revised Code has made a material change in the requirements of the return of service of process. The mere return of " executed," " summoned," etc., is held to be only a " legal conclusion," and insufficient. The sheriff must endorse on all process a written statement of his proceedings and such statement must show that his proceedings or service conformed to the requirements of the Code as to the particular process. The case of Crizer and wife v. Gorren, 41 Miss., 563, was commenced by attachment as in the case under consideration. After denying the right of the garnishee to question the regularity of the judgment against the origi-

nal defendant, the court in that case said : " But the return of service of process on the garnishees is also defective. It is as important to show in what manner they were summoned, as in what manner the writ was executed on the other parties. Ordinarily, no process issues against the garnishee, except in proceedings after judgment, but the sheriff is required to summon as garnishees all persons in whose hands he attaches money or effects of the defendant, to appear at the court to which the writ is returnable, there to answer on oath, etc. He is then to endorse ' a written statement of his proceedings ' on the writ. This requirement is not fulfilled by a mere return that he summoned as garnishees certain persons. He must show in what manner he summoned them, and that he summoned them to appear at the proper court to make answer as garnishees. Having no process in his hands against them, it becomes the more necessary that these facts should appear in order that the court may have jurisdiction over them."

Several cases involving the sufficiency of sheriff's returns have been decided at the present term,[*] each conforming to the doctrine now laid down, that the return must contain such a statement of facts as to show that the sheriff, in his service of process, performed all the acts required of him by law. The return in this case not being even a substantial compliance with the Code, the judgment is reversed, and the cause remanded.

[*] Nelson v. Nye, *supra*, 124; Mullins et al. v. Sparks, admr. etc., *supra* 129; Bustamente v. Bescher et al., *supra*, 172; Rankin v. Dulaney, *supra*, 197.—[Rep.

