## C. B. Cantrell *v.* Christian Letwinger.

1. Attachment—Insufficient affidavit.—An affidavit for attachment in form following, "C. L. being duly sworn, says that C. B. C. is justly indebted to him, the said C. L., in the sum of one hundred dollars, or thereabouts, on a note indorsed to said C. L., and one other note payable to R. N. A., and by him indorsed to said C. L., and that he is a non-resident of the State of Mississippi; he therefore prays," etc., is fatally defective, as averring, whether construed grammatically or according to the common use of language, that the plaintiff himself, and not the defendant, was a non-resident. It is also defective in omitting to state either of the particulars specified in Rev. Code, 372, art. 2, or the residence of the defendant, as required by the act of January 15, 1862.

Error to the circuit court of Copiah county. McNair, J.

Plaintiff in error assigned the following causes of error:

1st. That there is no sufficient affidavit appearing of record, to authorize the writ of attachment issued in this cause.

2d. That there is no sufficient affidavit appearing of record, to found the jurisdiction of the court, or authorize the judgment given in this cause.

3d. Because there was no sufficient levy of said writ of attachment, to found the jurisdiction of the court, or authorize the judgment given in this cause.

4th. Because there is no sufficient evidence or legal return of levy of said writ of attachment by the sheriff, to found the jurisdiction of the court, or authorize the judgment given by the court.

*H. B. Mayes*, for plaintiff in error.

This summary remedy by attachment is given in certain cases specified in the statute. One cause is, "that the defendant is a non-resident of this state." To this fact, plaintiff must make oath before an attachment can properly issue. Letwinger, plaintiff in the attachment, made affidavit that Cantrell was indebted to him in certain sums of money; that he is a non-resident of the state, etc.; therefore, he prays an attachment against said Cantrell. This is not an affidavit of Cantrell's non-residence. The plain import of this language is, that Letwinger, the affiant, is a non-resident. A grammatical construction of the language used, leads to

the same conclusion. The court can look only to the record for the facts authorizing the issuance of the writ. Lovelady v. Harkins et al., 6 S. & M., 416.

The liberal construction of our attachment remedy, authorized by statute, will surely not justify the court in sustaining this writ, when the record shows that it was irregularly issued, and without legal cause.

Affiant must be presumed to understand the import of the words he used, though he may not those of the statute; and the court will not presume against the language he employs, and suppose that he meant differently. Subsequent parts of the record, though irregular or defective, may be sustained by the whole record. The affidavit is the basis of the whole proceeding, and if defective, can only be remedied by amendment. Commercial Bank of Manchester v. Ullman, 10 S. & M., 414; Hopkins v. Grissom, 26 Miss., 144, 145.

Again, it is further assigned for error, that there was no sufficient levy of said writ of attachment to give jurisdiction in the case. The requisites of the statute in this respect were not complied with. Rev. Code, 374, art. 7. The sheriff's return of the levy on this writ of attachment is clearly defective, inasmuch as it fails to comply with the requirements of the statute upon this subject. Merritt v. White, 37 Miss., 430. The statement of a legal conclusion by the officer, will not satisfy the requirements of the statute. He should state the facts from which such a conclusion may be drawn. Crizer et ux. v. Gorren, 41 Miss., 564; Bias et al. v. Vance, 32 Miss., 200.

TARBELL, J.:

In March, 1868, Letwinger sued out a writ of attachment against Cantrell, returnable to the circuit court of Copiah county, at the April term thereof then next, for the recovery of the sum of one hundred and twenty dollars. Judgment was obtained against defendant in attachment by default, and the latter now asks this court to reverse the judgment, on the grounds that the judgment is erroneous, because of

the insufficiency of the affidavit upon which the attachment was issued, and for defects in the sheriff's return of service. The material portions of the affidavit are as follows: "C. Letwinger, being duly sworn, says that C. B. Cantrell is justly indebted to him, the said C. Letwinger, in the sum of one hundred and twenty dollars, or thereabouts, on a note indorsed to C. Letwinger, and one other note payable to R. N. Atwell, and by him indorsed to C. Letwinger; that he is a non-resident of the state of Mississippi. He therefore prays an attachment may issue against said C. B. Cantrell;" which was subscribed and sworn to by C. Letwinger, March 13, 1868.

Bond and security having been given, an attachment was issued returnable to the then next term of the circuit court of Copiah county, to be held on the second Monday of April, 1868. Upon the writ the sheriff made the following return: "Levied the within attachment on the following lands, to-wit: Commencing on the Jackson and Gallatin road, at the northeast corner of lot formerly occupied by W. F. Shamberger, in the town of Crystal Springs, Mississippi, running north 90 feet more or less to a gate-post; thence west 150 yards more or less to the lot formerly owned by E. M. Lowe; thence south 100 feet more or less; thence east to commencement; containing one acre more or less; in section 25, township 2, range 2, west, Copiah county, Mississippi; March 28, 1868; as the property of defendant, C. B. Cantrell."

Upon this return and upon proof of publication of notice to the defendant as absent or non-resident, there being no plea nor appearance in his behalf, a judgment by default, in favor of plaintiff against defendant, was entered for the sum of one hundred and thirty-eight dollars and twenty-five cents, besides costs. The first publication of notice to defendant, was made on March 21st, by direction of the clerk. By the return of the sheriff, the attachment was executed March 28th, April term of the Copiah county circuit was begun on the second Monday, the 13th day of April, 1868. The last publication of notice to defendant was made April 11th, 1868. Proof of publication was made April 13th, and judgment by

default May 4, 1868, during said April term. The affidavit for the attachment claims that there was due to plaintiff the sum of " one hundred and twenty dollars or thereabouts." The attachment and bond recite the amount due at one hundred and twenty dollars, while the declaration describes the note sued on without stating or claiming any definite sum. Writ of error was allowed in December, 1868.

It is questionable whether there are not several errors in this proceeding, other than those presented by counsel, and more than questionable, whether the publication authorized the judgment at the said April term. *Vide* art. 19, p. 378, Rev. Code; 40 Miss., 11 ; 41 ib., 563. We shall confine ourselves, however, to a decision of such questions as are raised and discussed in the papers and record before us.

1st. The grounds authorizing the issuance of an attachment are contained in art. 2 Rev. Code, 372. For whichever cause this process is sought, the reason or facts upon which it is asked, must clearly and affirmatively appear. Manchester v. Ullman, 10 S. & M., 414. One of the particulars, which being stated by affidavit, authorizes the proper officer to issue this writ, is the non-residence of the defendant debtor. In this instance, the affidavit, whether construed gramatically or according to the common and ordinary use of language, avers the non-residence of the creditor plaintiff, and not of the debtor defendant. This is very likely an inadvertence, and were the affidavit correct, and the error in a subsequent proceeding, we should, if warranted by the whole record, disregard the mistake, if such it is (Lovelady v. Harkins, 6 S. & M., 415), but the affidavit is the basis of the whole proceeding, and of jurisdiction. " The remedy by attachment is out of the ordinary course of proceedings ; and was designed to be applied only in the cases of emergency specified in the statute. Every requisition of the statute must hence be strictly complied with, or the proceeding will be irregular and void." Hopkins & Smith v. Grissom, 26 Miss., 145. The most ample power of amendment in this class of cases is given by statute, which power

ought to be liberally used, but in this condition of the case this statute cannot be applied. The affidavit does not state either of the particulars specified in Rev. Code, 372, art. 2, nor the residence of defendant as required by the law approved January 15, 1862, and is fatally defective.

2d. The sheriff's return shows that the land attached was within the town of Crystal Springs, but it does not state whether the land was occupied or not. Were this the only point in the case, we might indulge in behalf of a sworn officer, the presumption of a correct performance of his duty, in order to sustain the judgment. As this cause, however, must be remanded on other grounds, we waive a decision of this point, with the remark that the return is defective in omitting material facts necessary to enable the court to determine whether the sheriff proceeded according to law.

As to the publication, Rev. Code, 473, arts. 4, 6; ib., 378, art. 19; ib., 488, art. 62; ib., 503, art. 150; Griffing v. Mills, 40 Miss., 611; Crozier and wife v. Gorren, 41 Miss., 563. As to the levy and return, Rev. Code, 374, art. 7; ib., 589, arts. 63, 64; Merritt v. White, 37 Miss., 439; Crozier v. Gorren, 41 Miss., 564; Bias et al. v. Vance, 32 Miss., 200.

The judgment is reversed and cause remanded.