### R. F. COOPER *v.* JOHN B. INGRAHAM, Admr.

1. SERVICE OF PROCESS — ATTACHMENT — SUMMONING GARNISHEE. At the bottom of the writ of attachment against S., on the same paper, but below the seal and official signature of the clerk who issued it, is a memorandum in these words, viz.: "The sheriff (will) of Holmes county will summon C., M. and S. as garnishees in this case" (signed), " J. S. Hoskins, clerk." The sheriff's return of service on "C." (as garnishee) is as follows, viz.: "Executed as to 'C.' and S. by leaving a copy of this writ at their places of residence with their wives, they being not found:" *Held*, not to warrant a judgment by default against C., as garnishee.

Error to the circuit court of Holmes county. Campbell, J.

The opinion of the court states the facts.

*J. M. Dyer,* for plaintiff in error,

Contended the service should have been personal, and the notice given was not sufficient, citing Rev. Code, 1857, p. 374, art. 61; ib. 375, § 7; Crizer et ux. v. Gorren, 41 Miss. 563.

*H. S. Allen,* for defendant in error,

Contended that constructive notice like that in the case at bar was sufficient, citing Rev. Code, 375, art. 7; ib. 380, art. 26; ib. 489, art. 64; 38 Miss. 97, 544; 37 ib. 438.

Tarbell, J.:

Judgment was obtained in the circuit court of Holmes county at the May term thereof, 1868, in favor of John B. Ingram, administrator of the estate of J. E. Howe, deceased, against Samuel Smith, Jr., for the sum of $1,630 40, on proceedings by attachment. At the same term judgment by default for want of answer was taken in said suit against R. F. Cooper, as a garnishee. Cooper brings the case to this court to reverse the judgment against him, assigning here the following allegations of error: 1. The service of the attachment on said Cooper, as a garnishee, and the return of the sheriff thereon, are defective, because it appears from said return that the attachment was left at his house in his absence, and it does not appear from the return that he was "summoned to appear at the court to which the attachment was returnable, and answer as a garnishee." 2. Said Cooper was not properly summoned to answer as a garnishee, and made no answer, and judgment was entered against him by default. 3. The judgment against Cooper is excessive.

The sheriff's return upon the attachment, as to service upon Cooper is as follows: "Executed" * * * "as

to Cooper and Swain, by leaving a copy of this writ at their places of residences with their wives, they being not found."

The attachment was against Samuel Smith, Jr. At the bottom of the writ, upon the same paper, but below the seal and official signature to the writ, was a note or memorandum, in the following words: "The sheriff will of Holmes county, will summon Richard F. Cooper, M. W. Mayo and L. R. Swain, as garnishees in this case.

(Signed)        J. S. Hoskins, Clerk."

The sheriff, not only does not certify that he "summoned" Cooper as garnishee, but rather that he did not "summon" him at all. He does not even certify that he furnished him with a copy of the memorandum of the clerk, directing him to "summon" Cooper. That, however, would not be a "summons" as required by law. *Vide* Moore v. Coats, 43 Miss. 225, and cases therein cited. Code, art. 4, p. 373, and art. 7, p. 374.

The judgment is reversed and the cause remanded.