WILLIAM A. BELEW v. LIZZIE JONES AND HUSBAND.

SUPREME COURT. *Practice. Motion to dismiss. Objection to appeal-bond.*
On a motion to dismiss an appeal to this court for want of the necessary appeal-bond, on the ground that the name of one of the two sureties required by law purports to be signed by an agent, and the record contains no evidence of any authority for such signature, the court will only look at the face of the bond, and if that be regular, it will be conclusively presumed that the agent was duly authorized to subscribe the surety's name.

MOTION to dismiss the appeal, on the ground stated in the opinion of the court.

*Golladay & Freeman*, for the motion.
*A. H. Whitfield*, contra.

SIMRALL, C. J., delivered the opinion of the court.

The motion to dismiss the appeal "for want of the statutory bond" must be denied.

It is objected that there is but one surety, when the statute requires two. There is but one (surety), it is said, because there is no obligation on N. C. Snyder, who purports to be the second surety. His name is subscribed to the bond as a surety by J. B. Snyder, agent, and the transcript contains no authorization from him to J. B. Snyder to sign and seal in his name.

The point is settled by authority. In *Lindner* v. *Aaron & Nelson*, 5 How. 586, the attachment-bond was excepted to, because it was not shown that the agent had authority to execute it. The court held that, on a motion to dismiss, "it

would not look beyond the record which the justice had sent into court," but would presume that the magistrate whose duty it was to take the bond had conformed to the law. This case applies in principle.

In *Robertson* v. *Johnson*, 40 Miss. 502, the appeal-bond was executed by an agent. The point made by counsel was, that, since no power was shown by the record, from the principal to the agent, and the bond was the foundation of the jurisdiction of the court, the appeal ought to be dismissed, although the case was before the court on the errors assigned; but the court said that it would " presume that the bond had been regularly executed, and that proper authority existed for the signature of Stansberry by Haynes, his attorney in fact."

In that case, Stansberry was a surety; so that the authority is precisely in point.

The rule on a motion to dismiss is, to look at the face of the bond; if that is regular, it is conclusive.

If the object be to raise a question as to the power of the agent, another mode must be adopted, and we would not hesitate to investigate that issue and decide it. The right and power so to do is incident to the complete exercise of appellate jurisdiction.

Motion denied.