Spear, J.
The questions presented by the record are: 1. Is it the duty of the sheriff, when he levies an attachment upon the property of the defendant, to-show by his return a full compliance with 'the provisions of the statute defining his duties concerning the levy of attachments? and 2. If it is, does the return in the present case indicate such comnliance with those requirements as to show a valid attachment and thus give to the court from which it issued dominion over the property sought to be attached?
*285 We answer the first question in the affirmative and the other in the negative. Attachment is an extraordinary remedy; it is in. the nature of an execution before judgment; by means of it the rights of a party'may be determined without service of process upon him and even without his knowledge; it is intended to create a lien on the property of the defendant, authorized only by statute, and it is the universal rule that in all attachment proceedings the requirements of the statute must be substantially complied with. Our statute respecting return (section .5537. Revised Statutes), prescribes that the officer shall return upon the order “what he has done under it. and the return must show the property attached.” This means, neces-' sarily, all the essential things he has done. The reason is apparent. The proceeding is to serve as notice to all interested parties of the seizure of the property, and whether in the given case it has been seized or not depends upon the steps taken by the officer in that behalf. The court is to be informed by the return of the officer what his proceedings under the writ were, and how conducted. Then the court, and not the officer, will judge whether the writ has been executed as required by statute.- This conclusion is sustained by abundant authorities. Rankin v. Dulaney, 43 Miss., 197. Shinn on Attachment, section 229, gives the rule: “The officer must, by,the statement on his return, inform the court what his proceedings under the writ were, and how they were conducted. Then the court may be able to judge whether the writ has been executed and served as reouired by the statute.” “He must not only comply, in fact, *286 with the statute, but his return must show that he has so complied.” Drake on Attachment, section 236. See, also, Crizer v. Gorren, 41 Miss., 563; Crisman v. Swisher, 28 N. J. L., 149; Kilbourne v. Frellsen, 22 La. An., 207; Welch v. Robinson, 10 Humph., 264; Benjamin v. Shea, 83 Ia., 392; Porter v. Pico, 55 Cal., 165. Phillips v. Elwell, 14 Ohio St., 240, cited by counsel for plaintiff in error, has not been overlooked. However, we are quite unable to see in what way that case can have application to the case at bar, and no comment upon it is deemed necessary.
It follows that the question of lien and consequent dominion of the court over the land in question must depend upon the sheriff’s return upon the writ of attachment. His duty in the execution of the writ is prescribed by section 5528, Revised Statutes, which is: “The sheriff shall execute the order without delay; he shall go to the place where the defendant’s property is, and there, in the presence of two freeholders of the county, declare that, by virtue- of the order, he attaches the property at the suit of the plaintiff; the officer, with the freeholders, who shall be first sworn by the officer, shall make a true inventory and appraisement of all the property attached, which shall be signed by the officer and freeholders, and returned with the order; when the property attached is real property, the officer shall leave with the occupant thereof, or if there is no occupant, in a conspicuous place thereon, a copy of the order; and when it is personal property, and can be come at, he shall take it into his custody, and hold it subject to the order of the court.”
*287 Turning now to the return, we find it insufficient in essential particulars. It shows that there was an attempt to.levy the writ on real property, but does not show that any copy of the order was either left with the occupant of the property or posted in a conspicuous place thereon; nor does it even show whether the property was occupied or not. These are absolute requirements of the statute, intended to show to the world, as far as practicable, that the property has been seized in attachment and is subject to the control of the court in which the plaintiff’s petition has been filed. It is stated by Prof. Waples, in his work: on attachment, section 324, that: “Where landed property, such as a house and lot, is attached, it is important that notice be given to the tenant in possession, or a copy of the writ left with him, or some act showing the transfer of legal possession from the defendant to the officer,” and the text is abundantly sustained by j'udicial decisions. Moreover, there is no sufficient description of the prooertv. “Building and land, $800.00, lot about 25 ft. by 75 ft.,” is clearly insufficient as a descriotion. While it is true that such precision as to the description as is required in a return of a levy of execution is not required in attachment proceedings, yet it is well settled that the property must be described with reasonable certainty, and the description . must be such as to identify it. Here there is nothing to show in what part of Portage county even the land is located, nothing by which an inquiring creditor or purchaser could be guided, and nothing which would enable the court to intelligently direct an order of sale. Perhaps it is not *288 quite so indefinite as the supposed lev upon a flock of geese, or of wild pigeons, given in the books, but it falls but little short of it. As held in Root v. Railroad Co., 45 Ohio St., 222, at 228, provisions of statute which are intended for the protection only of the debtor may be waived, or cured by amendment, but those which require notoriety .and notice are for the benefit of creditors and purchasers, and unless these requirements are complied with the court acquires no dominion over the property, and the attachment is invalid as to such third persons.
It follows that no lien on the property was created by the attempted levy, and while the court acquired jurisdiction of the person of the defendant Kugler by the filing of her answer, three years after the attempted attachment, it acquired no jurisdiction or dominion over the res. In no view of the case can it be said that there was a lis pendens at the time of Coit’s purchase.
It is insisted that Coit can not be heard to object to the insufficiency of the levy and return because he was one of the appraisers. The point is not substantial. The case turns upon a question of jurisdiction; not upon a question of estoppel. Jurisdiction can not be given to a court by the mere act of a party. True, Coit was not, in the legal sense, an innocent purchaser without notice, because, and only because, he had notice of the attempted attachment; not because there was present any element of actual bad faith. So that if the attachment should prove sufficient to create a lien, he was bound by it; but if ineffectual' to create a lien he was not affected by it.
*289 These conclusions are in accord with the very-full statement of opinion by the circuit court, as shown by its findings of fact, and the judgment of that court will be

Affirmed.

Crew, C. J., Summers, Shauck and Price, JJ-, concur.