New England Terminal Company vs. Spentonbush Fuel Transport Service, Inc. } No. 93283.

September 6, 1934.

FROST, J. Heard on defendant's motion to quash and on plaintiff's motion to amend the affidavit on which the attachment in this action was made.

This is an action of trespass on the case for negligence and is brought against a corporation organized under the laws of the State of New York. The service of the writ was by attachment of the defendant's property in the hands and possession of Pennsylvania Petroleum Products Company, a local corporation having an office in the City of Providence.

Service was attempted to be made upon the defendant by attachment of its personal property within this state under the authority conferred by Section 28 of Chapter 349 of the General Laws of Rhode Island, 1923, which section reads as follows:

"Actions at law sounding in tort may be instituted against non-residents having property within the state by original writ of attachment in form as provided by law; and such original writ of attachment shall be issued from the Superior Court or any district Court wherever the plaintiff in the action to be commenced by such writ, his agent or attorney, shall make affidavit, to be indorsed thereon or annexed thereto, that the defendant is a non-resident, and that the plain-

tiff has a just cause of action against the defendant upon which the plaintiff expects to recover a sum sufficient to give jurisdiction to the Court to which such writ is returnable."

The affidavit in the instant case, endorsed upon the writ, does not contain the statutory words "that the defendant is a non-resident", or words of like import.

The defendant has entered a special appearance for the purpose of moving to quash the writ and dismiss the suit.

The Court is of the opinion that the affidavit upon which the attachment was made is fatally defective and is not amendable. It is not contended that service of a writ in a tort action upon a non-resident is other than statutory. The statute quoted above clearly states that an attachment may be made only upon a proper affidavit. Such affidavit must contain a statement that the defendant is a non-resident. In a tort action this portion of the affidavit is absolutely essential. Our Court of last resort so held in *Farrow and Knox, Trustees*, vs. *Frederick H. Dutcher* (1897) 19 R. I. 715. That is a case in which an arrest was made upon an affidavit which the Court held to be defective. It is argued that the instant case is one involving the attachment of goods only and not an individual's right of liberty, but the Court thinks that to deprive one of his goods may produce much harm and that there is ample reason for resting the present situation upon the Dutcher case.

This latter case also decided that the affidavit is not to be regarded as a part of the process. That being so, the plaintiff certainly has not the same authority or the same right to amend that it would have if the affidavit were a part of the process.

In the instant case the words omitted in the affidavit are vital. They are the very essence of an affidavit and their omission leaves the affidavit without value and after service of the writ unamendable.

See

2 R. C. L. § 41, p. 832;

76 A. S. R. p. 802, note;

*Cantrell* vs. *Letwinger* (1870) 44 Miss. 437.

The Court thinks that under all the circumstances of this case the motion to dismiss is a proper motion and that *Silva* vs. *Superior Court* (1925) 46 R. I. 342, is not in opposition to this procedure.

The motion to amend is denied; the motion to quash is granted and the writ is dismissed and the attachment vacated.

For plaintiff: William A. Needham.

For defendant: Max Winograd.